# Monroe v. State.

## Indictment for Embezzlement.

1. *Embezzlement; indictment for conversion of revenue; not sustained by proof of conversion of other funds.*—Under an indictment preferred under section 3503 of the Code of 1886, which provides that any officer or person who knowingly converts or applies to his own use "any of the revenue of the State, or of any county thereof * * * must, on conviction, be punished as if he had stolen it," there can be a conviction only on proof of the conversion of revenue, and evidence of a conversion of funds of any other character than revenue will not sustain the indictment.

2. *Same; conversion by county treasurer; autrefois acquit.*—The section 3805 of the Code of 1886, which provides that a probate judge, tax collector, county treasurer or other designated officer, "who

knowingly converts to his own use, or permits another to use, any money paid into his office, or received by him in his official capacity is liable to indictment," &c., embraces within its provisions every class and character of moneys which the officer may lawfully receive in his official capacity, including revenues received from taxation as well as other sources; and an acquittal of a county treasurer on an indictment under section 3805, for the conversion of funds of the county, is a bar to the prosecution of said treasurer on an indictment under section 3803, prohibiting the conversion of the revenue of the State, or a county thereof, when both indictments charge the conversion of same funds; and on a trial under the latter indictment, a plea of *autrefois acquit* should be sustained.

3. *Same; admissibility of minute entry of commissioner's court; there should be proof of the correctness.*—On a trial under an indictment charging a county treasurer with converting to his own use the revenue of the county, the minute entry on the record of the commissioner's court of said county, purporting to give the result of a settlement made with the defendant, and containing an itemized account of the different classes and amounts of funds purported to have been received by him, is inadmissible against the defendant without proof that the account set forth was a correct copy of the account of a settlement made with him.

APPEAL from the Circuit Court of DeKalb.

Tried before the Hon. JAMES A. BILBRO.

The indictment in this case, under which the appellant was tried and convicted, was preferred at the spring term, 1896, of the circuit court of DeKalb county, and was filed in open court on February 7, 1896. It contained four counts, which were as follows: 1. "The grand jury of said county charge that before the finding of this indictment Samuel D. Monroe, who was then and there county treasurer of DeKalb county, one of the counties of the State of Alabama, did knowingly convert to his own use nine thousand, three hundred and fourteen 77-100 dollars of money paid into his office as said county treasurer, or received by him, the said Samuel D. Monroe, in his official capacity, as such county treasurer of said DeKalb county, which said sum of money was then and there the property of said DeKalb county."

2. "The grand jury of said county further charge that before the finding of this indictment Samuel D. Monroe, who was then and there county treasurer of De-Kalb county, one of the counties of the State of Alabama

did knowingly permit another, whose name is unknown to the grand jury, to use nine thousand, three hundred and fourteen and 77-100 dollars of money paid into his office as such county treasurer, or received by him, the said Samuel D. Monroe, in his official capacity as such county treasurer, of said DeKalb county, and which said sum of money was then and there the property of said DeKalb county."

3. "The grand jury of said county further charge that before the finding of this indictment Samuel D. Monroe, who was then and there county treasurer of DeKalb county, one of the counties of the State of Alabama, did knowingly convert or apply to his own use nine thousand, three hundred and fourteen and 77-100 dollars of money, the revenue of said DeKalb county, paid into his office as such county treasurer, or received by him, the said Samuel D. Monroe, in his official capacity as such county treasurer, which said money was then and there the property of said DeKalb county."

4. "The grand jury of said county further charge that before the finding of this indictment Samuel D. Monroe, who was then and there county treasurer of DeKalb county, one of the counties of the State of Alabama, did knowingly convert or apply to the use of another, whose name is unknown to the grand jury, nine thousand, three hundred and fourteen and 77-100 dollars of money, the revenue of said DeKalb county, paid into his office as such county treasurer, or received by him, the said Samuel D. Monroe, in his official capacity, as such county treasurer, which said sum of money was then and there the property of the said DeKalb county, against the peace and dignity of the State of Alabama."

The defendant demurred to the indictment on the following ground: "There is a misjoinder of counts in that the offense charged in the first and second counts is barred by the statute of limitations of three years, and the offense charged in 3d and 4th counts is barred by the statute of limitations of six years." And defendant demurred specially to the 3d and 4th counts on the following grounds: "(1.) Said counts seek to charge an offense under section 3803 of the Code against a county treasurer, who is one of the officers enumerated in section 3805. (2.) Said counts mingle charges and allegations under section 3803, with charges and allegations under

section 3805. (3.) Said counts do not show what revenues have been converted. (4.) Said counts are too uncertain, vague and indefinite." These demurrers were overruled. The other facts of the case are sufficiently stated in the opinion.

GOODHUE & SIBERT, for appellant.—The rulings of the trial court were all predicated on the idea that the words "money paid into his office," &c., and "revenue of the State or of any county" refer to entirely distinct things, and that a county treasurer who has been tried and acquitted of embezzlement of money paid into his office or received by him in his official capacity has never been put in jeopardy on a charge involving embezzlement of county revenue paid to him as county treasurer. By reference to section 3806 and to acts 1884-85, p. 48, it will be seen that the view entertained by the court below is not correct. The act referred to provides that the failure to pay over or to produce any money collected by such tax collector, as either State or county taxes, after demand by the State or county treasurers, respectively, shall be taken to be *prima facie* evidence of embezzlement under section 4389 of former Code, which said section is now section 3805 of Code of 1886. This shows conclusively that the expression "money" in section 3805 includes taxes, *i. e.* revenue of the county.

We submit also that the court clearly erred in overruling defendant's objection to the introduction in evidence of the extract from the minutes of the commissioner's court.—*Battles v. Tallman*, 96 Ala. 403.

WM. C. FITTS, Attorney-General, for the State.

HEAD, J.—Section 3803 of the Code of 1886, reads as follows: "Any officer or person, who knowingly converts or applies any of the revenue of the State, or of any county thereof, to his own use, or to the use of any other person, must, on conviction, be punished as if he had stolen it."

Section 3805 reads as follows: "Any probate judge, clerk of a court of record, register in chancery, sheriff, coroner, tax-collector, county treasurer, trustee of public

schools, notary public, justice of the peace, or constable, who knowingly converts to his own use or permits another to use any money paid into his office, or received by him in his official capacity, is liable to indictment, and, on conviction, must be punished as if he had stolen it."

At the spring term 1896, of the circuit court of De-Kalb county, an indictment was presented against the defendant, containing, so far as is necessary to be noticed in this case, two counts, the one charging, under said section 3803, that the defendant, who was then and there county treasurer of said DeKalb county, did knowingly convert or apply to his own use nine thousand, three hundred and fourteen 77-100 dollars of money, the revenue of said DeKalb county, paid into his office as such county treasurer, or received by him, in his official capacity as such county treasurer, which said money was then and there the property of said DeKalb county; and the other charging the same offense, in the same words, except that the conversion is alleged to have been this, that the defendant ''did knowingly convert or apply to the use of another whose name is unknown to the grand jury,'' the said sum, &c.

At a former term of said court, to-wit, in February, 1892, the grand jury presented an indictment against the defendant containing five counts. The first two counts charged a conversion by the defendant, as county treasurer, of $9,314.77, money defined in the language of said section 3805 of the Code, to-wit, money paid into his office, or received by him in his official capacity, being the property of the county. The third, fourth and fifth counts, charged that the defendant knowingly permitted certain persons, respectively, named in the several counts, to use the like sum of money, likewise defined in the language of said section 3805, being the property of the county. The defendant was tried upon all the counts of the indictment, and acquitted. To the present indictment he pleaded the former acquittal, alleging the identity of the offenses, and all other necessary averments. A trial of this plea was had, whereon the court gave the affirmative charge in favor of the State. Verdict accordingly. The defendant was then tried upon the plea of not guilty and convicted.

The view of the case evidently taken by the circuit court was that the two sections of the Code, above copied,

even when applied to a county treasurer converting funds of the county, in his hands as treasurer, have different fields of operation; that is to say, that they are directed against the conversion of different characters of funds, in the custody of that officer—the term ''revenue,'' as used in section 3803, having reference to a particular class or classes of funds, distinguishable from the ·general designation, found in section 3805, of the Code, of ''any money paid into his office, or received by him ·in his official capacity;'' and that having been tried and acquitted, under the first indictment, for converting money *paid into his office or received by him in his official capacity*, under section 3805, he may now be tried for converting the *revenue* of the county, under section 3803, though the same money and conversion thereof be the subject of both indictments. In other words, if the indictment is under section 3803, there can be no conviction, unless the money converted be *revenue*, as distinguished from other funds belonging to the county; and if under section 3805, there can be no conviction unless the money converted be other than· such revenue; so that, the same money cannot, to the end of putting the defendant in jeopardy, be the subject of both indictments when the first is under one section and the second under the other.

The correctness of this proposition is the test of the propriety of the court's action in giving the affirmative charge for the State on the plea of *autrefois acquit*.

The solution of the question will be aided by a reference to the history of these two sections of the Code. Section 3805 is the older. It had its origin in an act of December, 1866, and applied to the conversion, by judges of probate, clerks of circuit and city courts, registers in chancery and sheriffs, of any money paid into their offices by virtue of any decree, order, judgment, writ, or execution of, or issuing out of probate, circuit, or city court, or under any law authorizing or requiring such payment. See Revised Code of 1867, § 3724. In 1877 it was amended, and made to apply also to coroners, tax-collectors, county treasurers, trustees of public·schools, notaries public, justices of the peace and constables, and denouncing as the offense the conversion, knowingly, to his own use, or permitting another to use, any money paid into his office, or received by him ·in his official ca-

pacity, under any law authorizing or requiring such receiving. Code of 1876, § 4389. It stood thus until the present Code was adopted, which put the section in its present language, as copied in this opinion.

Section 3803, had its origin in 1876. It was introduced as a section or clause, and near the conclusion, of the general revenue law then adopted—a law which provided, at large, for the levy, assessment, and collection of taxes, both upon property and occupations. It was originally enacted in the language in which it now appears.

It is thus manifest that this latter section, applies only to the conversion of such revenues as are authorized to be raised and collected by the revenue laws of the State, including moneys raised by taxation for the use of the counties, and that upon an indictment under section 3803, there could be no conviction upon proof only of the conversion of any other character of funds—for instance, proceeds of county bonds legally issued and sold and paid into the county treasury.

But, this conclusion does not solve the question now presented. The defendant, as we have seen, was tried and acquitted, under section 3805, upon an indictment charging him in separate counts, with knowingly converting money paid into his office, or received by him in his official capacity, and knowingly permitting others to do so. He is now indicted for converting *revenue*, under section 3803. Whilst that section is restricted to revenue as we have defined that term, it is evident that the other section embraces every class and character of moneys which the officer may lawfully receive in his official capacity. It includes revenues received from taxation, as well as other sources. This is manifest not only from the broad terms employed, but from the fact that it is, in terms, directed against the tax-collector, who, by law, can receive and have in his hands, as such, no other character of funds than those arising from taxation, under the revenue laws. Hence it is, that upon the trial of the former indictment, the defendant could have been convicted upon proof of his conversion, knowingly, of any county funds in his hands as treasurer, whether *revenue* or otherwise.

The evidence introduced by the defendant in support of his plea of *autrefois acquit* tended to show the identity

[Monroe v. State.]

of the funds, the conversion of which was charged in both indictments. It tended to show that his receipt and disposition of all county funds which ever went into his hands as treasurer, were the subject of investigation and proof on the trial which resulted in his acquittal, and as he might have been then convicted of knowingly converting any funds of the county, though they consisted of revenue, he could not, if the above stated tendencies of the evidence were accepted by the jury, be legally tried again for converting revenue as charged in the present indictment.

The minute entry on the record of the commissioners' court, which was introduced on the trial of the plea of not guilty, was improperly admitted. The evidence shows that defendant appeared before the commissioners' court with his books and vouchers for the purpose of making a settlement as said treasurer, and the court took them and made calculations to his debits and credits. Defendant was present and saw the calculations. The "*result*" of the calculation was announced then and there before the commissioners' court, and defendant was present and made no objection thereto. Thereafter, in the absence of the defendant, the judge of probate (who was present at the above proceedings and testified to same) entered the "*result*" of the calculations on the minutes of the commissioners' court, from the memoranda made in the presence of the defendant before the commissioners' court. It was shown that the "*result*" of the calculation made was correctly entered on the minute entry offered in evidence, and that the memoranda from which the entry was made had been destroyed. This entry contains the "*result*" of the recited settlement, which was announced to the defendant and not objected to by him, and which was shown by testimony to be correct, and more besides. It contains an itemized account of different classes and amounts of funds purported to have been received by defendant, as well as certain credits. We see no proof that this account was a correct copy of the account of any settlement made with the defendant.

We see no legal objection to the indictment. It substantially follows the statute.

For the error in giving the general charge for the State on the special plea, the judgment is reversed and the

cause remanded. Let the defendant remain in custody until discharged by due course of law.

Reversed and remanded.