# Sherrill *v.* The State.

138    3
144   19
144   50
144  111

## *Indictment for Murder.*

1. *Evidence of flight; what facts not provable.*—While the flight of one who has committed an offense is admissible in evidence on his trial as an evidentiary fact in the nature of an implied admission, it is not competent for the defendant to prove that while he was away from the State he wrote to the sheriff and stated that he would at a certain time return to the State and surrender himself.

2. *Homicide; admissibility of evidence as to place of killing.*—On a trial under an indictment for murder, where there was evidence for the defendant tending to show that the place of the homicide could be and was seen by certain witnesses examined by the defendant, from where they stood in a field at the time of the killing, and the State, in rebuttal, sought to

[Sherrill v. The State.]

show by a witness who was not present at the time of the killing that the difficulty could not have been seen by the defendant's witnesses owing to obstructions in the way, the testimony of such witness is not admissible where it is not shown that he made his observations from the same point where the defendant's witnesses testified they made theirs.

3. *Indictment for murder; defense of justifiable homicide; charge of court to jury.*—On a trial under an indictment for murder, where the defense interposed is that the defendant struck the blow which killed the deceased to prevent the latter from killing the defendant's wife, who had assaulted the wife of the deceased, in order to invoke the doctrine of justifiable homicide the defendant's wife, as well as the defendant himself, must have been free from fault in bringing on the difficulty, and charges which so instruct the jury are free from error.

4. *Charges which are confusing, misleading and abstract* are properly refused.

5. *Charge as to reasonable doubt.*—In a criminal case, a charge which instructs the jury that they should acquit the defendant "Unless the evidence excludes every reasonable supposition but that of his guilt," asserts a correct proposition of law and should be given at the request of the defendant.

6. *Homicide; charge as to self defense.*—On a trial under an indictment for murder, a charge which refers the question of self defense, which is one of law, to the jury, is erroneous; and, therefore, a charge which instructs the jury that "if the plea of the defendant, which is that of defense of the life of his wife, is sustained by the evidence, it does not make any difference whether the defendant struck deliberately or in passion, it would be the duty of the jury to acquit the defendant," is properly refused.

7. *Homicide; charge of court to jury.*—On a trial under an indictment for murder, where the evidence shows that the wife of the defendant and the wife of the deceased were involved in a quarrel, and that after the wife of the defendant struck the deceased's wife, the deceased interposed, and the defendant then struck the deceased the fatal blow, charges which authorize the jury to find that the defendant's wife was not at fault in bringing on the difficulty between herself and the deceased, unless she had committed some overt act against the deceased, notwithstanding she had provoked the difficulty with him by her attack on his wife, are misleading and properly refused.

8. *Same; same.*—In such a case, the defendant's right to strike in defense of the life of his wife, depended on the right of his wife to strike without regard to his knowledge of who

[Sherrill v. The State.]

brought on the difficulty, and charges which instruct the jury to the contrary are erroneous and properly refused.

9. *Same; same.*—In such a case the fact that the defendant's wife was in danger of great bodily harm did not authorize the defendant to strike the deceased, unless the defendant's wife was without fault in bringing on the difficulty and could not retreat without increasing her peril; and a charge which ignores such tendency of the evidence is erroneous and properly refused.

10. *Charge as to duty of court to reconcile testimony.*—A charge is erroneous and properly refused which instructs the jury that "you must reconcile the testimony so as to make all the witnesses speak the truth; and if you can so reconcile it upon a reasonable hypothesis of defendant's innocence, you must acquit him."

11. *Homicide; charge of court to jury.*—On a trial under an indictment for murder, a charge is erroneous which instructs the jury that "you may find the defendant guilty of murder in the first degree or second degree or of manslaughter in the first or second degree or of assault, or you may acquit him altogether of any crime"; such charge omitting to state the elements of the different grades of homicide referred to therein, and as tending also to mislead the jury to the conclusion that a conviction of any one of the offenses named would, in the opinion of the court, be proper.

12. *Charge as to sufficiency of evidence.*—In the trial of a criminal case, a charge is erroneous and properly refused which instructs the jury that "Every one charged with the commission of an offense against the law is presumed innocent until his guilt is established; and the evidence to induce conviction should not be a mere preponderance of probabilities, but it should be so convincing as to lead the mind to the conclusion that the accused can not be innocent"; such charge exacting too high a degree of proof.

13. *Homicide; charge as to self defense.*—On a trial under an indictment for murder, a charge asserts a correct proposition of law and is free from error which instructs the jury that "the essential elements of self defense are, 1st. That the defendant was free from fault, must not say or do anything for the purpose of provoking the difficulty, nor be unmindful of the consequences in this respect, of any wrongful word or act. 2d. There must be a present impending peril to life, or danger of great bodily harm, either real or so apparent as to create a *bona fide* belief of an existing necessity. 3d. There must be no convenient or reasonable mode of escape by retreat or by declining the combat with safety."

14. *Same; charge as to malice.*—On a trial under an indictment for murder. a charge asserts a correct proposition of law and

is properly given at the request of the State which instructs the jury that "in a case of homicide the law presumes malice from the use of a deadly weapon, and casts on the defendant the onus of repelling the presumption of malice, unless the evidence which proves the killing shows also that it was perpetrated without malice; and whenever malice is shown and is unrebutted by the circumstances of the killing, or by other facts and evidence, there can be no conviction for any degree of homicide less than murder."

15. *Same; charge of court to jury.*—On a trial under an indictment for murder, a charge is free from error which instructs the jury that "when one is menaced with an assault the following inquiries present themselves: 1st. Is he free from fault in bringing on the difficulty? 2d. Is there reasonable ground and room for escape from injury? 3d. Is the threatened assault of such nature as if perpetrated it is likely to produce death or the gravest bodily harm?"

16. *Indictment for murder; charge as to justifiable homicide.*—On a trial under an indictment for murder, where the defense is. that the fatal blow was struck by the defendant to prevent the deceased from killing his wife, a charge asserts a correct proposition of law and is properly given at the request of the State which instructs the jury that "the right of the defendant to defend his wife was as extensive with the right of the wife to defend herself, and he had not the right to take life to save his wife from the consequences of an assault he knew his wife had provoked and brought on."

17. *Same; charge as to murder.*—On a trial under an indictment for murder, a charge is free from error and asserts a correct proposition of law which instructs the jury that if they find from the evidence in the case beyond a reasonable doubt that the defendant killed the deceased with a wickedness and depravity of heart towards the deceased, and the killing was determined on beforehand and after reflection (for however short a time before the fatal blow was struck, is immaterial), then the defendant is guilty of murder in the first degree.

APPEAL from the Circuit Court of Franklin.

Tried before the Hon. A. H. ALSTON.

The appellant in this case, John Sherrill, was indicted for the murder of Bob King, was convicted of murder in the second degree, and sentenced to the penitentiary for twenty years.

. The evidence for the State tended to show that the defendant and the deceased lived on adjoining farms; that

there was a lane ten feet wide between their farms; that
a dispute had arisen between the wife of the defendant
and the wife of the deceased; that Mrs. Sherrill, the wi'e
of the defendant, went into the lane between their re-
spective houses, having a stick in her hand; that she
called Mrs. King, the wife of the deceased, down to the
lane; that Mrs. King went down to the fence that di-
vided their farms from the lane, and her husband, the
deceased, followed her; that upon getting to the fence
there were sharp words passed between Mrs. Sherrill
and Mrs. King, and Mrs. Sherrill dared Mrs. King to
come into the lane; that as Mrs. King was getting over
the fence Mrs. Sherrill struck her over the head with a
stick which she held in her hand and she fell backwards
from the fence; that Mrs. Sherrill struck her after fall-
ing from the fence; that thereupon the deceased, Bob
King, who was near his wife, jumped over the fence and
ran to Mrs. Sherrill and got the stick while she was in
the act of striking Mrs. King again; that while so hold-
ing the stick and remonstrating with Mrs. Sherrill, the
defendant ran up and struck King on the side of the
head with half a rail or other large stick; that the de-
fendant struck King several times and that from the ef-
fects of the blow on the head, the said King died.

The evidence for the defendant tended to show that
after Mrs. Sherrill struck Mrs. King on the head, while
she was trying to get over the fence, the deceased threw
a rock at Mrs. Sherrill striking her on the shoulder and
then ran up to her hitting her several times with his fist;
that he then picked up a large stick and drawing it back
with both hands was about to hit Mrs. Sherrill when the
defendant ran up and struck him on the head with the
stick which he had in his hand; that the defendant struck
the deceased but one blow; that Mrs. Sherrill after strik-
ing Mrs. King once struck her no more and made no
other effort to do so, nor did she try to defend herself
against the attack of the deceased. The facts pertaining
to the rulings of the court upon the evidences are suffi-
ciently stated in the opinion.

The defendant separately excepted to the following
portions of the court's general charge to the jury:  (1.)
"I charge you gentlemen of the jury that if Mrs. Sherrill
provoked the difficulty by any word or act, and this was

known to the defendant when he struck the blow then the plea of self defense falls and the defendant should reap no benefit therefrom. Did she say or do anything to Mrs. King to provoke the difficulty; and was it known to the defendant at the time he struck the blow, if so, then the defendant could not plead self defense." (2.) "If Mrs. Sherrill and Mrs. King were daring each other and Mrs. Sherrill accepted the dare, and willingly went into the fight, then the plea of self defense can not be sustained if the defendant knew of the challenge and the acceptance by Mrs. Sherrill, because the law does not permit a party to enter willingly into a fight and then plead self defense."

The defendant requested the court to give to the jury the following written charges and separately excepted to the court's refusal to give each of them as asked: (40.) "Gentlemen I charge you that if you believe from the evidence that Bob King was in the act of striking defendant's wife with a stick that defendant had the right to strike him, provided he knew nothing about who brought on the fight between Mrs. King and King, and provided further that Mrs. Sherrill was not attempting to strike King and Mrs. Sherrill at the time." (6.) "Gentlemen of the jury you should acquit the defendant unless the evidence excludes every reasonable supposition but that of his guilt." (19.) "It is not necessary for the jury to acquit the defendant that Mrs. Sherrill should be without fault in bringing on the difficulty with Mrs. King, and if the jury find from the evidence the difficulty between the women had ceased or suspended and that Mrs. Sherrill said or did nothing to provoke Bob King and that he was in the act of killing Mrs. Sherrill with a stick and there was not reasonable means for her to escape and that to save the life of his wife, John Sherrill killed Bob King, then the jury will find the defendant not guilty." (20.) "I charge you gentlemen of the jury that if the plea of the defendant which is that of defense of the life of his wife is sustained by the evidence, it does not make any difference whether John Sherrill struck deliberately or in passion it would be the duty of the jury to acquit the defendant." (22.) "Even if the jury find from the evidence

that Mrs. Sherrill was at fault in bringing on the diffi-
culty, John Sherrill was justified in striking Bob King
to save her life if he did not know his wife was in fault
in bringing on the difficulty." (25.) "If the jury find
from the evidence Mrs. Sherrill was in the lane dividing
the two farms and Mrs. King with a rock in one hand
and a stick in the other was in the act of getting over the
fence in such a manner as to impress the mind of a reas-
onable person with the belief that she was in danger of
great bodily harm, then Mrs. Sherrill had a right to an-
citipate her antagonist and use such force as was neces-
sary to repel the attack even to striking her on the head
with a stick if Mrs. Sherrill was not at fault in bring-
ing on the difficulty." (29.) "If the jury believe from
the evidence that the wife of the defendant struck Mrs.
King with a stick and knocked her off the fence, and
that the said Mrs. Sherrill did not thereafter make any
further effort to strike Mrs. King or to continue the
combat, and that thereupon the deceased approached
Mrs. Sherrill, then wife of the accused, with a stick
drawn upon her while the said Mrs. Sherrill was making
no effort to strike or to fight the said deceased, and ap-
pearances were such as to lead a reasonable man to the
conclusion that the said Mrs. Sherrill could not retreat
without increasing her peril, and that the appearances
were such as to convince a reasonable man that the said
Mrs. Sherrill was in danger of losing her life or of suffer-
ing great bodily harm, then the said defendant had the
right to use just as much force as was necessary to pro-
tect his wife from the real or apparent danger; and
if you believe from the evidence that the defendant did
nothing more than this you should find the defendant
not guilty; provided you furthr believe from the evi-
dence that the said Mrs. Sherrill was without fault in
bringing on the difficulty with Bob King." (34.) "If
you believe from the evidence that Mrs. Sherrill brought
on the difficulty but was doing nothing towards as-
saulting Mrs. King or King at the time King struck her
or at the time King was in the act of striking her (pro-
vided you believe King was striking or attempting to
strike her) then I charge you that defendant had a right
to strike deceased if the facts and circumstances were
such as to induce a reasonable man to believe that his

wife was in danger of great bodily harm and that there was no way for her to escape withouti increasing her peril." (35.) "You must reconcile the testimony so as to make all the witnesses speak the truth; and if you can so reconcile it upon a reasonable hypothesis of the defendant's innocence, you must acquit him." (36.) "I charge you gentlemen of the jury that you may find the defendant guilty of murder in the first degree or second degree or of manslaughter in the first or second degree, or of assault, or you may acquit him altogether of any crime." (37.) "Gentlemen I charge you that it makes no difference whether Mrs. King or Mrs. Sherrill brought on the difficulty, if King was striking defendant's wife, and was in the act of striking her wth a stick when defendant struck him, provided he did not know at the time who brought on the difficulty." (38.) "Every one charged with the commission of an offense against the law is presumed innocent until his guilt is established; and the evidence to induce conviction should not be a mere preponderance of probabilities, but it should be so convincing as to lead the mind to the conclusion that the accused can not be innocent." (39.) "If you believe from the evidence that defendant did not know who was to blame, his wife or Mrs. King, in bringing on the difficulty between them, and not knowing this, saw King striking his wife or attempting to strike her with a stick, and that his wife was in apparent danger of losing her life or danger of great bodily harm, then defendant had a right to strike King and you should find him not guilty."

The defendant separately excepted to the court's giving at the request of the State the following written charges: (1.) The essential elements of self defense are, 1st. That the defendant was free from fault, must not say or do anything for the purpose of provoking the difficulty, nor be unmindful of the consequences in this respect, or of any wrongful word or act; 2d. There must be a present impending peril to life, or danger of great bodily harm, either real' or so apparent 'as to create a *bona fide* belief of an existing necessity. 3d. There must be no convenient or reasonable mode of escape by

retreat or by declining the combat with safety." (2.) "The court charges the jury that in a case of homicide the law presumes malice from the use of a deadly weapon, and casts on the defendant the onus of repelling the presumption of malice, unless the evidence which proves the killing shows also that it was perpetrated without malice; and whenever malice is shown and is unrebutted by the circumstances of the killing, or by other facts and evidence, there can be no conviction for any degree of homicide less than murder." (3.) "When one is menaced with an assault the following inquiries present themselves: 1st. Is he free from fault in bringing on the difficulty? 2d. Is there reasonable ground and room for escape from injury? 3d. Is the threatened assault of such nature as if perpetrated is it likely to produce death or the gravest bodily harm?" (4.) "Gentlemen of the jury I charge you that the right of the defendant to defend his wife was as extensive with the right of the wife to defend herself and he had not the right to take life to safe his wife from the consequences of an assault he knew his wife had provoked and brought on." (5.) "The court charges the jury that if they find from the evidence in this case beyond all reasonable doubt that the defendant in Franklin county, Alabama, before the finding of the indictment, purposely killed Bob King by striking him with a piece of wood with a wickedness or depravity of heart towards deceased, and the killing was determined on beforehand and after reflection (for however short a time before the fatal blow was struck is immaterial) then the defendant is guilty of murder in the first degree." (6.) "If the jury believe from the evidence in this case beyond all reasonable doubt that the defendant in Franklin county, Alabama, before the finding of the indictment in this case, purposely killed Bob King, after reflection with a wickedness or depravity of heart towards deceased, and the killing was determined on beforehand, even a single moment before the fatal blow was struck, then the defendant is guilty of murder in the first degree."

ALMON & BULLOCK and KIRK, CARMICHAEL & RATHER, for appellant.—The court erred in allowing the

solicitor to ask Henry Alsabrooks this question: "Whether or not standing in that position in the field he could see the top of the fence where the fighting took place."

It was totally immaterial whether he could do this or not as no witness had stated that he was at that point when he observed the fight.

A witness cannot testify as to the result of an experiment he made out of court.—109 Ala. 11; *Tesney v. State*, 77 Ala. 33.

Charge 19 asserts in substance the proposition that even though Mrs. Sherrill provoked the difficulty with Mrs. King still if the circumstances were such as to lead the jury to the conclusion that she had in good faith abandoned the fight that thereupon her right of self defense revived especially as against one who was not in the first difficulty and that the defendant had the right to defend his wife against an attack made by Bob King unprovoked by Mrs. Sherrill when Mrs. Sherrill appeared to be in great danger and without a reasonable means of escape. It seems that this proposition is in harmony with the decisions of our court.—*Crawford v. State*, 112 Ala. 1; *Stillwell v. State*, 107 Ala. 16.

MASSEY WILSON, Attorney-General for the State.—The question asked the witnesses in reference to having received information from the defendant as to his intending to return and surrender himself were not competent, as it called for inadmissible evidence. Flight operates in the nature of an admission and admissions cannot be controlled or explained by subsequent conduct which forms no part of the *res gestae.*—*Chamblee v. State*, 78 Ala. 466, 468; *Kilgore v. State*, 124 Ala. 24, 27.

The portions of the general charge of the court to which the defendant objected were correct. Self defense cannot be set up by the party provoking the difficulty or by either of the parties if they enter into the combat willingly. Taking the defendant's evidence, it tends to show that the wives of the defendant and the deceased were daring each other over the fence and while the wife of the deceased was getting over the fence the wife of the defendant struck her on the head with a stick

which caused her to fall backward over the fence. Then the deceased came up according to defendant's testimony, and hit the wife of the defendant and was attempting to hit her again when defendant struck the fatal blow. Had Mrs. Sherrill killed Mrs. King the former could not have set up self defense. Mr. Sherrill stands in the same position,—unless the evidence shows that Mrs. Sherrill had withdrawn from the difficulty in good faith at the time Mr. King interfered. Such a presumption cannot be said to arise from the evidence, and there is no direct evidence of any such withdrawal.—The charge of the court was correct.—*Scoggins v. State,* 120 Ala. 369; *Bostic v. State,* 94 Ala. 45; *Karr v. State,* 106 Ala. 1, 10, 11.

Charge 6 was bad. The word "supposition" in a charge has a tendency to excite speculation and imagination. While in *Bones v. State,* 117 Ala. 138, a charge in this language was held to be good, the weight of authority is against the soundness of the proposition.—*Baldwin v. State,* 111 Ala. 11, 15; *Johnson v. State,* 102 Ala. 1, 18; *Yarbrough v. State,* 105 Ala. 43, 57; 1 May. Dig. page 176.

Charge 19 was bad. Before the defendant could have interferred with impunity Mrs. Sherrill must have withdrawn in good faith from the conflict. The language of the charge,—"ceased or suspended"—does not indicate a withdrawal in good faith.—*Bostic v. State,* 94 Ala. 45, 49; *Scoggins v. State,* 120 Ala. 369; *Karr v. State,* 106 Ala. 1, 10, 11; *Parker v. State,* 88 Ala. 4.

Charge 25 was properly refused. The fact that Mrs. Sherrill was in great bodily harm did not authorize defendant to strike her antagonist with impunity,—unless Mrs. Sherrill was without fault in bringing on the difficulty and could not retreat without increasing her peril. The charge ignores this feature of the evidence.—*Bell v. State,* 115 Ala. 25, 39; 1 May. Dig. page 804.

Charge 36 was bad for it omitted to state the elements of the different degrees of homicide. It is not expressed in "plain, simple and unambiguous language" as a charge should be, and would require an explanation by the court of the different degrees of homicide referred to in the charge.—*Adams v. State,* 115 Ala. 90; *Solomon v. State,* 28 Ala. 83.

Charges 1 and 3 given at the request of the solicitor asserted sound propositions of law.—*Crawford v. State,* 112 Ala. 1, 28; *Bell v. State,* 115 Ala. 25, 39; *Compton v. State,* 110 Ala. 24, 37; *Storey v. State,* 71 Ala. 329, 336, 37; 1 May. Dig. page 806, Sec. 91.

Charge 2 given at the request of the solicitor was correct.—*Compton v. State,* 110 Ala. 24, 35; *Stilwell v. State,* 107 Ala. 16, 21; *Hornsby v. State,* 94 Ala. 55, 66; *Hadley v. State,* 55 Ala. 31, 37.

HARALSON, J.—The evidence shows that the defendant, after he killed King, fled from the county and went to Texas, where he remained until a short time before the trial, when he returned and voluntarily surrendered himself to the sheriff. When the sheriff had testified for defendant to the surrender, defendant's counsel asked him, "Did you not receive information from the defendant six months ago, that you need not hunt for him, but that he would be back before the Spring term, 1902, of the circuit court, and that he would come at that time but for his bad health, and they feared lying in jail so long would further impair his health?" On objection by the solicitor, the question was not allowed to be answered, and in this there was no error. Flight soon after the commission of the offense charged, is an evidentiary fact in the nature of an implied admission; and while it may be explained or qualified by accompanying declarations, on the principle of *res gestae,* a subsequent admission or declaration, forming no part of the *res gestae* is not admissible for that purpose.—*Chamblee v. State,* 78 Ala. 466; *Jordan v. State,* 81 Ala. 20; *Vaughan v. State,* 130 Ala. 18.

The evidence for the defendant tended to show that the difficulty between the parties, happening in a lane between their respective places, could be seen and was seen by certain witnesses examined by defendant from his field, at a certain distance from the lane. The State in rebuttal sought to show by one Alsabrooks, who was not present at the time of the killing, that the fight could not have been seen by these witnesses, owing to obstructions in the way. He testified that these obstructions consisted of a row of trees and bushes about twenty

or twenty-five yards in depth all along on the inside of defendant's field, and opposite the place where the killing occurred, and that the land was rolling. The solic-itor asked him, whether or not, standing at Horton's patch in defendant's field, he could see the top of the fence where the fighting took place. This question was objected to by defendant because its object was to impeach defendant's witnesses and because illegal and irrelevant, and because it had not been shown that witness made his observations from the point where defendant's witnesses testified they made theirs. Other questions of the same character were asked and allowed against like objections. The evidence of what this witness could or could not have seen should have been excluded. The conditions under which he made his experimental observations, some months after the difficulty, were not shown to be the same as those under which defendant's witnesses testified they saw the fight. *Ala. G. So. R. Co. v. Burgess*, 114 Ala. 588, 595.

The defense being that the blow was struck by defendant to prevent the homicide of his wife by the deceased, the wife, as well as the defendant, must have been in a condition to invoke the doctrine of justifiable homicide. He who provokes a personal encounter, in any case, thereby disables himself from relying on the plea of self-defense in justification of a blow he struck during the fight.—*Scoggins v. The State*, 120 Ala. 369. "Neither he who provokes a difficulty, nor his voluntary helper, can with impunity resist to extreme results, the assault he has provoked unless he has clearly retired from the conflict; and to restore him to the full measure of *se defendendo*, his conduct must plainly show that his purpose has ceased to be hostile."—*Bostic v. State*, 94 Ala. 45; *Karr v. State*, 106 Ala. 2. On these principles the portions of the general charge of the court, which were excepted to by defendant, were without reversible error.

Charge 40 requested by defendant is confusing, misleading and abstract. There was no evidence, as the charge hypothesizes, of a fight between Mr. and Mrs. King.

Charge 6 has heretofore been approved as a correct instruction, which should be given.—*Bones v. State,* 117

Ala. 138. In *Baldwin v. State*, 111 Ala. 15, and in *Horn v. State*, 102 Ala. 145, charges otherwise similar were condemned, solely on the ground, that in the charges, the word "reasonable" before the word "supposition" was omitted.—*Yarbrough v. State*, 105 Ala. 45, 56.

Charge 20 was bad, if for no other reason, in that it referred the question of self-defense,—one of law,—to the jury.

Charges 19, 29 and 34 were misleading in that they authorized the jury to find that Mrs. Sherrill was not at fault in bringing on the difficulty between herself and Bob King, unless she had committed some overt act against said King, notwithstanding she had provoked the difficulty with him by her attack on his wife.

Charges 22, 37 and 39, were each bad. The defendant's right to strike, depended on the right of his wife to strike, regardless of his knowledge of who brought on the difficulty.

The fact that Mrs. Sherrill was in great bodily harm from Mrs. King did not authorize the defendant to strike Mr. King with impunity, unless Mrs. Sherrill was without fault in bringing on the difficulty and could not retreat without increasing her peril, a feature of the evidence charge 25 ignores, rendering it bad on that account.—*Bell v. State*, 115 Ala. 39; 1 Mayfield Dig. 804.

Charge 35 is bad. Its tendency is to require the jury absolutely to reconcile the testimony which is in hopeless conflct.

Charge 36 omits to state the elements of the different grades of homicide referred to therein. It is not clear and unambiguous, and would have required explanation from the court, to make it so. It was calculated to mislead and confuse the jury.—*Adams v. State*, 115 Ala. 90. It also tends to lead the jury to the conclusion, that a conviction of any one of the offenses named, would in the opinion of the court be proper.

Charge 38 required too high a state of proof and was calculated to mislead.—*Webb v. State*, 115 Ala. 53; 1 Mayfield Dig. 765, § 24.

Charges 1, 2 and 3 given for the State have been in substance many times approved.—*Jackson v. State*, 94

[Jarvis v. The State.]

Ala. 86; *Hornsby v. State*, 94 Ala. 55; *Wilkins v. State*, 98 Ala. 1.

We discover no fault in charge 4 given for the State. Its evidence, as well as defendant's own testimony showed that defendant knew that his wife provoked or brought on the difficulty, and it was not error in the court to refer to this as a fact.

Charges 5 and 6 for the State assert correct principles of law.—*Lacy v. State*, 84 Ala. 1.

For the errors indicated, the judgment must be reversed.

Reversed and remanded.

*Indictment for Murder.*