(92 South. 526)

### FRANKLIN v. STATE.  (3 Div. 398.)

(Court of Appeals of Alabama.  Jan. 31, 1922.)

**1. Criminal law ⬳419, 420(10) — Witnesses ⬳406—Evidence as to statements in presence of defendant held admissible to contradict his testimony.**

In a prosecution for statutory rape, under Code 1907, § 7700, as amended by Acts 1915, p. 137, in which defendant had testified in his own behalf, it was not error to admit testimony by the girl's father as to statements by a third person in the presence of accused that some one made arrangements for a room, over objection that it was hearsay and that no sufficient predicate had been laid for impeachment of accused, where the testimony contradicted defendant's testimony and was not offered to impeach him.

**2. Witnesses ⬳379(1), 388(10)—May be impeached by contradictory statements, and predicate as to time and place must be laid.**

Witnesses may be impeached by showing contradictory statements, and a proper predicate as to time, place, etc., must be laid.

**3. Criminal law ⬳1169(2)—Error in admission of testimony immaterial where same fact is otherwise proven.**

If there was error in admitting rebuttal testimony of a witness, it was immaterial, where the witness had already testified to the same matter upon direct examination without objection.

**4. Criminal law ⬳753(2)—Refusal of affirmative charge not error where evidence is conflicting.**

It was not error to refuse defendant's request for an affirmative charge where the evidence introduced by the state is contradicted, but ample to support a conviction if believed by the jury.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Silas Franklin was convicted of having carnal knowledge of a girl under 16 years of age, and he appeals.  Affirmed.

L. A. Sanderson, of Montgomery, for appellant.

Brief of counsel did not reach the Reporter.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J.  The defendant was convicted for a violation of section 7700 of the Code 1907, as amended by Acts 1915, p. 137, the amended statute reading as follows:

"That section 7700 of the Code, be and the same is hereby amended so as to read as follows: 7700 (5448) *Carnal Knowledge of Girl Over Twelve and Under Sixteen Years of Age.* —Any person who has carnal knowledge of any girl over twelve and under sixteen years of age, or abuses such girl in the attempt to have carnal knowledge of her, must on conviction, be punished at the discretion of the jury, by imprisonment in the penitentiary for not less than two nor more than ten years.  This section however, shall not apply to boys under sixteen years of age.

"Approved March 17, 1915."

[1-3] On the trial of this case only one exception was reserved to the rulings of the court upon the admission of the testimony. Bob Goodman, father of the girl in question, when recalled by the state, testified that the defendant took him to a pool room to see the man who conducted the place relative to some one having made arrangements with him for a room for himself and witness' daughter on the night she disappeared from home.  The question was asked witness "What did he [the pool room man] say to defendant or to you in the presence of defendant about some one making arrangements for a room to put the girl?" etc.  The objection to this question, based upon the grounds that it called for irrelevant, incompetent, and hearsay testimony, and, further, no sufficient predicate had been laid to impeach defendant, was properly overruled, as the testimony sought was in rebuttal of that given by defendant, and, while it was in its nature contradictory of the testimony of defendant, it was not sought for the purpose of impeaching him; the law being that mere contradiction of one witness by another does not of necessity imply an effort to impeach, and does not authorize the introduction of sustaining evidence of good character for truth and veracity as to either of such witnesses.  Witnesses may be impeached, in addition to other means, by showing statements made by them contradictory of those testified to, and in this instance a proper predicate as to time and place, etc., of such contradictory statements must be laid. There was no predicate laid as required under the rule, nor was there any pretense that the testimony was offered for the purpose of impeachment.  That the evidence sought was relevant and material and not hearsay is apparent, and that it was sought in rebuttal of defendant's testimony is clear.  There was no error in the court's ruling.  Moreover, the witness Goodman had already upon his direct examination testified without objection to the same matter.

[4] The only other question presented was the refusal of the affirmative charge requested by defendant.  The evidence was in sharp conflict, and if that offered by the state was believed by the jury, under the rules governing the weighing of evidence, there was ample testimony upon which to predicate the verdict rendered.  For this reason the

---

refusal of the affirmative charge was without error.

No error is apparent on the record, and the judgment of the circuit court is affirmed.

Affirmed.