## THOMAS v. STATE. (3 Div. 435.)

(Court of Appeals of Alabama. March 6, 1923. Rehearing Denied April 3, 1923.)

**1. Criminal law ⊚⟹722(3)—No error in overruling motion to exclude solicitor's remark that defendant was moral pervert.**

Where defendant was charged with having violated the person of a 10 year old girl in a vulgar and indecent manner and against her will, and evidence made out a case in such detail as to warrant the remark of the solicitor as a conclusion therefrom that defendant was a moral pervert, it being in evidence that defendant was a married man, there was no error in overruling defendant's motion to exclude.

**2. Criminal law ⊚⟹393(3)—Evidence of taking defendant, arrested on child's description, to her home, that she might see him, held proper.**

Where defendant was charged with violating the person of a 10 year old girl and was arrested at her complaint on a description of a man given by her, it was proper to show by the officer that he took defendant to her home, that she might see him.

**3. Criminal law ⊚⟹406(1) — Incriminating statements admitted only after proper predicate.**

Statements of an incriminating nature may be admitted only after proper predicate.

**4. Assault and battery ⊚⟹85—Evidence held immaterial.**

Where defendant was charged with having violated the person of a 10 year old girl by feeling of her person, the fact that when he was out of employment he stayed at home most of the time was immaterial and properly excluded.

**5. Criminal law ⊚⟹406(6)—Witnesses ⊚⟹389 —Defendant's admission after trial in inferior court held admissible on his cross-examination to show guilt.**

Where defendant, charged with having violated the person of a 10 year old girl by feeling of her person, on cross-examination was asked whether, after they identified him and after he was tried, he did not turn to the judge and say, "What they say is true; I am guilty," such question was admissible to show an admission of guilt, and, if denial was made, as a predicate for impeachment.

**6. Criminal law ⊚⟹1169(8)—Defendant cannot complain of testimony in that he was not represented in inferior court.**

Where defendant was charged with having violated the person of a 10 year old girl, the fact that he was not represented by counsel in the inferior court was testimony in his interest, of which he could not complain.

⊚⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**7. Criminal law ⬅➡418(2)—Evidence of prosecutrix as to defendant's identification held admissible as part of defendant's admission.**

Where defendant was charged with having violated the person of a 10 year old girl by feeling of her person, evidence of her statements in the inferior court with reference to identification of defendant, while inadmissible as an independent fact, was material as evidence disclosing her accusation in defendant's presence and his admission of its truth.

**8. Criminal law ⬅➡429(2)—Original warrant admissible as fixing time of crime.**

Where defendant was charged with having violated the person of a 10 year old girl, the original warrant was admissible as tending to fix the time at which the crime was committed.

**9. Criminal law ⬅➡830—Instruction on reasonable supposition as to defendant's innocence held properly refused.**

Where defendant was charged with having violated the person of a 10 year old girl, the refusal of his requested charge, "If there is a reasonable supposition of defendant's innocence, you must acquit him," was proper; the use of the word "supposition" having a tendency to excite speculation.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

J. T. Thomas, alias J. T. Latham, was convicted of an assault, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Thomas, 209 Ala. 289, 96 South. 184.

Charge 13, refused to defendant, reads: "The court charges you, gentlemen of the jury, that if the facts are sufficient to generate a doubt in your minds, the defendant is entitled to such doubt, and you should acquit him:"

Brassell, Brassell & Brassell, of Montgomery, for appellant.

It was error to permit the officer to testify that, when he carried the defendant to the home of the child, she said, "That is the man." 84 Ala. 6, 4 South. 283; 84 Ala. 430, 4 South. 382; 139 La. 773; 72 Ala. 244; 117 Ala. 93, 23 South. 130; 17 Ala. App. 167, 82 South. 657; 3 Ala. App. 24, 58 South. 68. Convictions or judgments can only be proved by the production of the original papers. 71 Ala. 271; 14 Ala. App. 24, 70 South. 959; 79 South. 199; 168 Ala. 53, 52 South. 939; 73 Ala. 468; 7 Ency. Evi. 851. The remark of the solicitor to the jury, "I have heard of perverts being married before," should have been excluded. 16 Ala. App. 85, 75 South. 633; 16 Ala. App. 61, 75 South. 267; 199 Ala. 411, 74 South. 454; 39 South. 370; 75 South. 701; 16 Ala. App. 78, 75 South. 626; 15 Ala. App. 106, 72 South. 566; 71 South. 979; 13 Ala. App.

105, 69 South. 366; 193 Ala. 12, 69 South. 533; 193 Ala. 86, 69 South. 130; 18 Ala. App. 268, 90 South. 878; 17 Ala. App. 500, 86 South. 158.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. [1] The defendant in this case was charged with having violated the person of a 10 year old girl by feeling of her person in a vulgar and indecent manner and against her will, and the evidence for the state makes out the case in such detail as to warrant 'the remark of the solicitor, as a conclusion from the evidence, that defendant was a moral pervert, and, it being in evidence that defendant was a married man, the court did not err in overruling defendant's motion to exclude the remark. The other remarks of the solicitor were on motion excluded.

[2] The defendant having been arrested at the complaint of the child, on a description of a man given by her, it was proper for the state to show by the officer that he took defendant to the home of the child, that she might see him. Besides, this testimony was already in without objection. Franklin v. State, 18 Ala. App. 374, 92 South. 526.

[3] Proper predicate having been laid, statements of an incriminating nature were properly admitted. 4 Michie's Dig. p. 175, par. 251 (3).

[4] The fact that when defendant was out of employment he stayed at home most of the time was immaterial and properly excluded.

[5] The question asked defendant on cross-examination, "After they identified you and after you were tried, didn't you turn to Judge Thorington and say, 'Judge, what they say is true; I am guilty'?" was admissible on cross-examination to show an admission of guilt, and, if denial was made as a predicate for impeachment purposes, by the testimony of those who were present at the trial in the inferior court.

[6] The fact that defendant was not represented by counsel in the inferior court was testimony in the interest of defendant and of which he could not complain. Besides, this testimony had already and was afterwards given without objection.

[7] As to what Pauline Solomon testified to in the inferior court with reference to the identification of defendant would as an independent fact have been inadmissible, but, in the connection in which it was given, it became a part of the admission of defendant of his guilt. In other words, this evidence discloses an accusation made by the little girl in the presence of defendant and his admission of its truth, which, if true, was material and proper.

---

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[8] The original warrant was admissible as tending to fix the time at which the crime was committed.

Much has been said in brief of counsel in criticism of the testimony of Judge Thorington, judge of the inferior court, before whom this defendant was first tried, and of the testimony of Avant, the city detective making the arrest, both of whom testified to unqualified confessions of defendant made at different times. There is nothing in the testimony to warrant the criticism or to indicate a motive in giving their testimony other than that of officers of the law in the discharge of their duty. The one is a judicial officer, learned in the law, elected by the people, and sworn to uphold the Constitution and laws of the state. The other is not the ordinary hired detective, whose livelihood depends on convictions obtained by his efforts and testimony, but is selected by the city government as a man worthy and courageous enough to guard the welfare of the people of the community. We see no just ground for criticizing the testimony of these two officers, and each of the confessions testified to by them, being based upon proper predicates, was admissible in evidence. 4 Michie's Dig. 175, par. 251 (4).

The written charges requested by defendant and refused to him, when asserting correct propositions of law, were amply covered by the written charges given and the oral charge of the court.

The various written charges asking affirmative instruction on the evidence were properly refused.

[9] A charge, "If there is a reasonable supposition of defendant's innocence, you must acquit him," does not correctly state the law.

In the first place, the use of the word "supposition" in a charge has a tendency to excite speculation, and its use is criticized in Baldwin's Case, 111 Ala. 15, 20 South. 528; Yarbrough's Case, 105 Ala. 43, 16 South. 758; Garrett's Case, 97 Ala. 18, 14 South. 327. Its use in a charge is never permissible unless the charge predicates the supposition as being such, reasonably arising from and suggested by the facts. Yarbrough's Case, 105 Ala. 43, 16 South. 758; Davis v. State, 188 Ala. 59, 66 South. 67; Edwards v. State, 205 Ala. 160, 87 South. 179; Smith v. State, 197 Ala. 193, 72 South. 316. Charges 1 and 11 in Griffin's Case, 150 Ala. 49, 43 South. 197, met the requirements as recognized in the foregoing decisions. And we must conclude that charge 3 in the Griffin's Case, being out of line with the other decisions of the Supreme Court, was inadvertently grouped with charges 1 and 11; besides in Smith's Case, 197 Ala. 193, 72 South. 316, as expressly overruled, all cases in this state holding that the refusal of such a charge is erroneous are overruled.

If charges 18 and 10 correctly define the law as to a reasonable doubt, the subject had already been covered in the court's oral charge and in 14 written charges given at the request of defendant. A multiplication of charges defining a reasonable doubt tends to mystify rather than to make clear to the jury what is otherwise a very simple proposition of law.

Charge 13 is bad in that it omits the word "reasonable" before the word "doubt."

The motion for new trial was properly overruled. There is no error in the record, and the judgment is affirmed.

Affirmed.

On Rehearing.

Opinion amplified, and rehearing overruled.