(135 So. 645)

## CURRY v. STATE.

### 6 Div. 966.

Court of Appeals of Alabama.

May 26, 1931.

Rehearing Denied June 30, 1931.

Windham & Countryman, of Birmingham, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

RICE, J.

Appellant was convicted of the offense of "assault with intent to ravish," and his punishment fixed at imprisonment in the penitentiary for an indeterminate term of from 18 to 20 years. Code 1923, §§ 3303, 5268.

When the defendant was brought face to face with the young lady alleged to have been assaulted, after the time of the alleged commission of the assault, he was accused by her of being the guilty party. It was therefore not error to allow testimony to be given to the effect that appellant did not deny the accusation. Thomas v. State, 19 Ala. App. 187, 96 So. 182.

We have examined, carefully, the bill of exceptions.

In each instance, where an objection was made, and exception reserved, on the taking of testimony, we find the ruling of the court involved, obviously, free from error.

In most of the instances argued so forcibly in appellant's excellently prepared brief, as being errors in rulings upon admission of evidence, we do not find an exception to have been reserved in such a way as to present anything to us for decision.

There seems no occasion to write an extended opinion.

We have given careful consideration to every ruling made by the trial judge, and to everything apparent of record.

There appears, nowhere, prejudicial error, and the judgment of conviction must be, and is, affirmed.

Affirmed.