31 So.2d 373

### MOORE v. STATE.
### 6 Div. 304.

Court of Appeals of Alabama.
June 30, 1947.

Ben F. Ray, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and Wm. N. McQueen, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

This court has given this case our careful attentive consideration, and we are not in accord with the lower court's conception of the case, and his numerous rulings during its pendency.

■ We are of the opinion that this prosecution was improvidently begun. We think under the facts adduced upon the trial, the case comes within the purview of the case of Walker v. State, 132 Ala. 11, 31 So. 557. In that case the Supreme Court said: "If a man takes improper liberties with the person of a female, or indecently fondles her without her will and consent, he is guilty of an assault and·battery."

In our recent case of Austin v. State, 31 Ala.App. 630, 21 So.2d 126, it was said: "The prosecuting witness, a little girl nine years of age, testified that, while attending a picture show in the city of Florence, Alabama, the defendant against her consent, held her and placed his hands on her body in an indecent and rude manner. If established by the required proof, this was sufficient upon which to base a conviction as charged." (Assault and battery.)

Our case of Thomas v. State, 19 Ala.App. 187, 96 So. 182, is of like import. The court there held, where a defendant was charged with having violated the person of a ten year old girl in a vulgar and indecent manner and against her will, and the proof under the required rule showed this fact, he was properly convicted of an assault.

Numerous other cases bearing similarity to those above cited could here be included, but is not deemed essential or necessary.

■ In the instant case the identity of the accused (defendant) was not in question. It appears defendant entered his plea of not guilty, and that he took the stand as a witness in his own behalf and denied the charge against him in whole, and in part. No alibi was involved, and no other defense was interposed, therefore the court was in error in permitting, over the objection of the defendant, three other children who were not named in the complaint and who had no connection therewith, to testify as to

190

previous acts of defendant between him and the three girls. Brasher v. State, 30 So.2d 31.[1] In said case, our Supreme Court, among other things, said (Headnote 1): "Generally, in prosecution for a particular offense evidence tending to show defendant guilty of prior offenses is inadmissible." Headnote 4 in said case is as follows: "Admitting evidence of prior offenses for purpose of establishing identity as an exception to general rule should not be extended so as to permit state to introduce evidence of other offenses committed by accused with third persons for purpose of identification when such evidence merely tends to show disposition, inclination, propensity or depravity." The foregoing headnotes are borne out by the opinion. In the Brasher case, supra [30 So.2d 36[2]], the Supreme Court also said: "We are of the opinion and so hold that none of the testimony introduced by the State relative to Brasher's alleged mistreatment of the little five-year-old girl should have been admitted. * * But that court (Court of Appeals) erred in upholding the action of the trial court as to the evidence tending to show that Brasher previously had committed acts of degeneracy on the little five-year-old girl."

We are clear to the conclusion that in addition to the foregoing the trial court also erred in overruling and denying defendant's motion for a new trial, for that (1) The verdict of the jury is contrary to the law; (2) The verdict of the jury is contrary to the evidence; (3) For that the verdict or decision is not sustained by the great preponderance of the evidence or is contrary to law. Such is our opinion.

The judgments of conviction from which these appeals were taken are reversed, and a judgment here rendered discharging appellant from further custody in these proceedings.

By consent of parties the two cases against appellant were tried together. All this regular and by consent. What has been hereinabove said, and the judgment here rendered, applies alike to the two cases. Robinson v. State, 30 Ala.App. 12-14, 200 So. 626.

Reversed and rendered.