[Anderson v. The State.]

# Anderson *v.* The State.

*Indictment for Forgery.*

1. *Forgery in the second degree.*—A written order for a pint of whiskey, to which the name of a person is signed without his authority, is within the statute defining forgery in the second degree (Code, § 4340) ; and an indictment which charges the forgery of such an instrument, setting it out *in hæc verba*, charges forgery in the second degree, and nothing else,

2. *Sufficiency of verdict.*—Under an indictment which charges forgery in the second degree, in a single count, a verdict finding the defendant "guilty as charged in the indictment," without specifying the degree of the forgery, is sufficient.

APPEAL from the Circuit Court of Lowndes.

Tried before the Hon. JOHN MOORE.

The indictment in this case contained but a single count, which charged that the defendant, "with intent to injure or defraud, did falsely make or forge an order purporting to be the act of *J. P. Streety & Co.*, a merchant, firm, or partnership, in the town of Hayneville in said State, which order is in words and figures as follows ; ' *Mr. Belgard, Let Wash. have* 1 *pint of good whiskey.  J. P. Streety & Co.*, July 21, '80 ' ; against the peace and dignity," &c.  On the trial, issue being joined on the plea of not guilty, the jury returned a verdict in these words :  " We, the jury, find the defendant guilty as charged in the indictment."  The defendant moved in arrest of judgment, " because the verdict does not find the degree of forgery of which the defendant is convicted."  The court overruled the motion, and sentenced the defendant to hard labor for the county for the term of two years.  The overruling of the motion in arrest, and the judgment of the court, are now urged as error.

COOK & ENOCHS, for the appellant.

H. C. TOMPKINS, Attorney-General, for the State.

STONE, J,—Our statutes divide forgery into three degrees.  The indictment in this record shows, on its face, that it does not charge forgery in the first degree.—Code of 1876, § 4339.  Section 4340 of the Code defines several criminal acts, each of which, it declares, constitutes forgery in the second degree.  Section 4341 is residuary in form.  Its

[Love v. Love.]

language is : " Any forgery which, under the provisions of this Code, does not amount to forgery in the first or second degree, must be adjudged forgery in the third degree." In section 4340 is this clause : " Any person who, with intent to injure or defraud, falsely makes, alters, forges," &c., " any . . instrument or writing, being, or purporting to be, the act of another, by which any pecuniary demand or obligation is, or purports to be, created, increased, discharged, or diminished, must, on conviction, be adjudged guilty of forgery in the second degree, and punished accordingly." The instrument charged to have been forged by the defendant, is copied in the indictment. It is a writing, purporting to be the act of another, by which a pecuniary obligation purports to be created. It therefore falls directly under section 4340 of the Code, charges forgery in the second degree, and charges nothing else. The verdict of the jury finds the defendant " guilty as charged in the indictment." The indictment, as we have seen, charged him, in terms, with forgery in the second degree ; and we can not perceive how the finding could be more specific or definite. If the indictment, following a form or otherwise, be so framed as that it is alike applicable to different degrees of the offense charged ; or, if the jury is charged with any duty in reference to the amount or character of the punishment to be inflicted ; then, a general finding would be insufficient, because the court would be left uninformed as to what judgment should be rendered. No doubt or uncertainty could exist in the present case, and hence a more specific finding was not necessary. Law is a science based on reason, and does not require the observance of useless ceremonies.—*Jones v. The State*, 50 Ala. 161 ; *Davis v. The State*, 52 Ala. 357 ; *Horton v. The State*, 53 Ala. 488.

The judgment of the Circuit Court is affirmed.