# Wright *v.* The State.

## *Indictment for Forgery.*

1. *What writing may be subject of forgery.*—A written instrument, purporting to be an order by one person to another, to " send the money by " the person in whose favor it is drawn, not specifying any amount, may be the subject of forgery (Code, § 4340), if it has the capacity to deceive or injure, as where the person to whom it is directed has money in his hands belonging to the person whose name is signed to it.

2. *Statute of frauds; promise to pay debt of another person.*—A promise by a county school superintendent to pay, out of the funds in his hands

[Wright v. The State.]

in his official capacity, a debt due by one of the teachers to a third person, which was contracted on the faith of the moneys in his hands, or which he might receive, is not within the statute of frauds (Code, § 2121, subd. 3).

3. *Sufficiency of verdict.*—Where each count in the indictment charges forgery in the second degree, a general verdict of guilty, not specifying the degree, is sufficient.

FROM the Circuit Court of Chambers.

Tried before the Hon. H. C. SPEAKE.

The defendant in this case, Jack Wright, was indicted for the forgery of a written instrument, which purported to be signed by B. T. Smith, directed to W. C. Bledsoe, and which was in these words: "Send the money by Jack; it will save exchange and post-office order. You would oblige yours respectfully." The indictment contained two counts, the first of which charged that the defendant, "with intent to injure or defraud, did falsely make, forge or counterfeit an instrument or writing, purporting to be the act of B. T. Smith, by which a pecuniary demand purports to be created, and which is as follows," setting it out; and the second, that, with like intent, he did "falsely make or forge an instrument or writing, purporting to be the act of B. T. Smith, which is in words and figures as follows," setting it out. The defendant demurred to each count of the indictment, on the ground that it charged no offense, and that the instrument set out was not the subject of forgery; and his demurrer being overruled, he pleaded not guilty. The jury returned a general verdict of guilty, and the court thereupon rendered judgment sentencing the defendant to hard labor for the county for two years.

On the trial, as appears from the bill of exceptions, the State introduced W. C. Bledsoe as a witness, who was the school superintendent of said county, and who testified to the presentation to him, on or about the 12th September, 1885, by the defendant, of the writing alleged to have been forged, which was produced; and that he paid the defendant $39 on it. The defendant objected to the admission of the writing as evidence, and duly excepted to the overruling of his objection. The witness further testified, on cross-examination, that the defendant was one of the teachers of a public school in the county; that he was indebted to the defendant, at the time the order was presented to him, in an amount more than $39, on account of salary due him as teacher, and had promised to pay several outstanding accounts against him, among which was an account due to said B. T. Smith, whose name was signed to the order; that there was no written agreement on his part to pay Smith, and no particular amount was specified; that this agreement was not made when he, Smith and the defendant were all together, but he saw each of them separately, and promised

[Wright v. The State.]

to pay the money to Smith under the instructions of the defendant. B. T. Smith was also introduced as a witness for the prosecution, and testified that he never signed the paper alleged to have been forged, and never saw it until it was shown to him by said Bledsoe; also, that the defendant owed him at that time more than $39, on an account which was "contracted on the faith of the defendant's agreement that it should be paid out of the money to be earned by him as a school-teacher, which fact had been communicated to Bledsoe;" and that said Bledsoe had agreed verbally, but not in the presence of the defendant, to pay it.

On this evidence, the court charged the jury, "among other things, that, if they believed the evidence, the money in the hands of Bledsoe in equity and good conscience belonged to Smith, and Smith could have maintained an action for money had and received against Bledsoe for it." To this charge the defendant excepted, and then requested the following charges: (1.) "If the jury believe all the evidence, they must find the defendant not guilty." (2.) "The State must show that Smith was legally entitled to the money in the hands of Bledsoe, when the order was presented to him, or they can not find the defendant guilty." (3.) "If Bledsoe, as county superintendent, was indebted to the defendant for teaching school, and there was no written transfer of the amount by the defendant, then the jury must find the defendant not guilty." The court refused each of these charges, and the defendant excepted to their refusal.

DOWDELL & DENSON, for the appellant.

THOS. N. McCLELLAN, Attorney-General, for the State.

CLOPTON, J.—By statute, any person, who falsely makes, forges or counterfeits, any instrument in writing purporting to be the act of another, by which any pecuniary demand or obligation purports to be created, increased, discharged or diminished, is guilty of forgery in the second degree.—Code, § 4340. The defendant was indicted for the forgery of an instrument, a copy of which is set out in the indictment. The writing described is an order for money. It purports to be signed by a person who professes to have control of the money, and is addressed to another, who, as the writing purports, is under obligation to send it, as directed. Whether the instrument, if genuine, would have created a pecuniary demand or obligation on the drawer, or would have operated as a discharge of the person to whom it is directed, from a liability for funds in his possession, or from a prior pecuniary demand, depends on the

[Garlick v. The State.]

relations of the parties. In either event, it is well settled, that such an instrument is the subject of forgery.—*McGuire v. State*, 37 Ala. 161; *Jones v. State*, 50 Ala. 161; *Williams v. State*, 61 Ala. 33; *Anderson v. State*, 65 Ala. 553. It is not necessary that a definite sum of money shall be specified in the order.—2 East's P. C. 941; Bish. Stat. Cr., § 329.

2. If it were conceded that the promise of Bledsoe to pay Smith is within the statute of frauds, it would be immaterial. The instrument is the subject of forgery, if it may be used as proof *prima facie* in a suit, whether by or against the person whose name is forged. The material question is its capacity to work injury, though no one may in fact be prejudiced thereby. It is sufficient, if it may be regarded as a security for reimbursement, or a protection against future liability. But the promise of Bledsoe to pay Smith, out of funds in his hands as county superintendent, is not a promise to answer for the debt, default, or miscarriage of another. He was not the individual debtor of the defendant. He held the school funds in a trust and official capacity, a portion of which belonged to the defendant; and the promise is to pay Smith out of funds of the defendant in his possession, or which he may receive, a promise to pay the debt of the original debtor, with his own money—to perform an agency. That the debt of the defendant was contracted on the faith of an agreement that Smith should be paid out of the school funds, and Bledsoe's holding or reception of the money, constitute a sufficient consideration. *Hitchcock v. Lukens*, 8 Por. 333; *Westmoreland v. Porter*, 75 Ala. 452; *Coleman & Carroll v. Hatcher & Brannon*, 77 Ala. 217.

3. The verdict is sufficient to support the judgment.—*Anderson v. State*, 65 Ala. 553.

Affirmed.