# Watkins *v.* The State.

## *Indictment for Murder.*

1. *Homicide; verdict of jury; sufficiency thereof.*—A verdict of the jury that "We, the jury, find the defendant guilty of manslaug—er and fix the punishment at five years in the penitentiary," is sufficient to show that the jury found the defendant guilty of manslaughter in the first degree, and is sufficient to sustain a sentence of imprisonment in the penitentiary for five years.

[Watkins v. The State.]

2. *Organization of jury; fact that one of the jurors drawn is dead no ground for quashing venire.*—The fact that one of the persons whose name was drawn and placed upon the venire for the trial of a capital case was dead at the time the venire was drawn, constitutes no ground for quashing the venire; there being no evidence that the death was known to the court at the time of the drawing of the jury, or of any fraud by which the name of such dead juror was placed upon the list.

3. *Secondary evidence; when admissible.*—Before secondary evidence of what an absent witness had testified on the preliminary hearing is admissible in evidence, a proper predicate must be laid by showing that such witness was either permanently out of the State, with no intention of returning, or was indefinitely beyond the control of the court.

4. *Homicide; charge as to freedom from fault.*—On a trial under an indictment for murder, charges which do not hypothesize freedom from fault in bringing on the difficulty, or ignore the question of freedom from fault in bringing on the difficulty, are erroneous and properly refused.

5. *Same; charge to the jury.*—On a trial under an indictment for murder, a charge which withholds from the jury the right to determine whether the facts hypothesized were sufficient to show imminent peril to life or limb, is properly refused.

6. *Same; same.*—In the trial of a criminal case, charges which are argumentative, or which lay stress on a particular fact to the exclusion of others, or which are invasive of the province of the jury, are properly refused.

7. *Same; charge as to reasonable doubt.*—In a criminal case, a charge which predicates reasonable doubt of the defendant's guilt alone upon the defendant's good character, is erroneous and properly refused.

8. *Same; same.*—In a criminal case, a charge is erroneous and properly refused which instructs the jury that "Before the jury can convict the defendant they must be satisfied to a moral certainty not only that the proof is consistent with the defendant's guilt, but that it is wholly inconsistent with every other rational conclusion, and unless the jury are so convinced by the evidence of the defendant's guilt that they would each venture to act upon that decision in matters of the highest concern and importance as to his own interest, then they must find the defendant not guilty."

9. *Charge to the jury; properly refused when mere repetition.*—In the trial of a criminal case, it is not error to refuse to give charges which are substantially repetitions of instructions already given by the court.

APPEAL from the City Court of Mobile.

Tried before the Hon. O. J. SEMMES.

The appellant in this case, Carter Watkins, was jointly indicted with Henry Thomas, for the murder of Willie Brown, was convicted of manslaughter in the first degree and sentenced to the penitentiary for five years.

Upon the arraignment of the defendant the court ordered that 100 jurors, including the regular panel, be summoned to appear from which the jury was to be drawn for the trial of the defendant. The defendant moved the court to quash the venire upon the ground that Sylvester J. Russell, whose name appears upon the list of jurors served upon the defendant, was not living at the time the said jury was drawn, and that, therefore, the order of the court requiring 100 jurors to be drawn for the trial of his cause had not been complied with. Upon the hearing of this motion, it was shown that the venire drawn to try said cause contained 100 names, one of which was the name of Sylvester J. Russell; that said Russell died after his name was put in the jury box by the jury commissioners, and that his death occurred between the time of placing his name in the jury box and the drawing of his name as a juror to serve in this case. The motion to quash was overruled, and thereupon the defendant duly excepted.

The evidence for the State tended to show that the killing of Willie Brown by the defendant, Carter Watkins, was not in self-defense, but that Brown was killed by Watkins without provocation.

The evidence for the defendant tended to show that the killing was in self-defense. There was also evidence introduced by the defendant tending to show that he was a man of good character.

The defendant sought to lay a predicate for the introduction of secondary evidence of what Gray Kemp testified to on the preliminary trial of the defendant. For the purpose of laying a predicate one John Simmons was introduced as a witness, who testified that he thought he knew where Kemp was; that the last time he saw him was at Citronville, in Mobile county, when he was leaving, and that Kemp told him he was going

to work at a certain designated place in Mississippi, and was going to stay until the case was over. On cross-examination this witness testified that he did not know whether said Kemp was a married man, or whether he intended to live in Mississippi all the time, but that he stated that he was going to stay in Mississippi until after this case was finished; that he could not swear of his own knowledge that he was in Mississippi, but that he thought so, and some person told him a few days before that that Kemp was in Mississippi. Upon this testimony the court refused to allow the witness, before whom the preliminary trial was had, to testify to what witness Kemp swore on the preliminary trial. And to this ruling the defendant duly excepted.

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "The court charges the jury that if the defendant was reasonably without fault in bringing on the difficulty and at the time of the homicide there appeared so apparently as to lead a reasonable mind to the belief that it actually existed, a present, imperious and impending necessity in order to save himself from great bodily harm, to kill the deceased, then he had the right to shoot the deceased, and the jury must acquit him on the ground of self-defense." (2.) "If the jury believe from the evidence that defendant did not bring on, provoke or encourage the difficulty, and that the deceased had previously made threats which had been communicated to the defendant at the time of the difficulty, and the deceased advanced upon the defendant in a threatening manner and started for defendant and at the time there was to all appearances no reasonable mode of escape without increasing defendant's peril, then defendant was authorized to anticipate the deceased and shoot first, having the right to act upon the reasonable appearance of things." (3.) "The court charges the jury that the appearance of the danger to loss of life or great bodily harm, which will justify one in taking human life, need not be actual or real, if they are such as to create in the mind of the slayer the reasonable belief that it is necessary to strike or shoot his assailant

in order to save himself from great bodily harm or loss
of his own life; and acting upon this reasonable belief,
if he strikes or shoots and death ensues, this would not
be manslaughter, but would be justifiable or excusable
homicide; and if you believe from all the evidence in
the case now before you that defendant shot and killed
the deceased upon the well grounded belief that it was
necessary to do so in order to save himself from great
bodily harm, or from death, then it is your duty to ac-
quit the defendant." (4.) "A homicide committed un-
der such circumstances surrounding the person charged
therewith at the time of the fatal act as to create in his
mind a reasonable belief, well founded and honestly en-
tertained of his own present and immediate imminent
peril, and of the urgent necessity to take the life of his
assailant, as the only alternative of saving his own or
of preventing the infliction upon his person of great
bodily harm, it is homicide committed in self-defense."
(5.) "The court charges the jury that good character
may, when taken in connection with all the other evi-
dence in the case, be sufficient to raise a reasonable doubt
of defendant's guilt." (6.) "The court charges the
jury that good character is a good thing to have, and
when the defendant proves that he had a good charac-
ter, the jury should look at this fact in connection with
all the other evidence in the case, and if upon the whole
evidence they do not have an abiding conviction that
the defendant is guilty, they should acquit him." (7.)
"If the prisoner has proved a good character as a man
of peace, the law says that such good character may be
sufficient to generate a reasonable doubt of his guilt, al-
though no such doubt exists but for such good charac-
ter." (8.) "Before the jury can convict the defend-
ant they must be satisfied to a moral certainty not only
that the proof is consistent with the defendant's guilt,
but that it is wholly inconsistent with every other
rational conclusion, and unless the jury are so con-
vinced by the evidence of the defendant's guilt that they
would each venture to act upon that decision in matters
of the highest concern and importance to his own in-
terest, then they must find the defendant not guilty."

[Watkins v. The State.]

(9.)  "If you believe from the evidence that Henry Thomas and Carter Watkins were at the dwelling house of Jack Russell by invitation of the owner or occupant of such house, and that Tom Warren and Willie Brown were trespassers at said house at the time of the killing, then what the court has said to you in reference to the duty of the defendant to retreat has no application in this case, and the court now charges you that if you believe from the evidence that at the time the fatal shot was fired that Tom Warren and Willie Brown were making an assault upon any of the occupants of said house, then the defendant had a right to strike and kill if necessary to protect themselves, or either one of them, or any member of the household from the assault."  (10.) "Good character may generate a reasonable doubt in cases where without such proof the jury would be satisfied beyond a doubt of the guilt of the defendant."  (11.)  "If the jury believe the evidence in this case, Carter Watkins was the guest of Jack Russell at the time of the fatal difficulty."  (12.)  The court charges the jury that if they believe the evidence in this case, they must find that the defendant, Carter Watkins, was free from fault in bringing on the difficulty."  (13.) "The court charges the jury that if they believe the evidence in this case Carter Watkins was at the time of the shooting the guest of Jack Russell, and if free from fault in bringing on the fatal difficulty, and was feloniously assaulted or threatened with a felonious assault, he could stand his ground and repel such assault with such force as to a reasonable mind appeared necessary even to the taking of life."

After considering the case, the jury returned the following verdict: "We, the jury, find the defendant, Carter Watkins, guilty of manslaughter and fix the punishment at five years in the penitentiary; and we, the jury, find the defendant, Henry Thomas, not guilty."

Upon this verdict the court rendered a judgment of conviction of manslaughter and sentenced the defendant Watkins to imprisonment in the penitentiary for five years.

[Watkins v. The State.]

BROMBERG & HALL, for appellant.—The verdict in this case was not sufficient to sustain a judgment of conviction or the sentence of the court. "No judgment of conviction under an indictment for murder can be sustained unless the verdict of the jury expressly finds the degree of the crime of which the defendant is convicted." *Story v. State,* 71 Ala. 335; *Levison v. State,* 54 Ala. 524; *Robert v. State,* 42 Ala. 510; *Cobia v. State,* 16 Ala. 783; *St. Clair v. Caldwell,* 72 Ala. 528.

The defendant's motion to quash the venire should have been sustained on account of the name of a dead man being included in such venire.—*Roberts v. State,* 68 Ala. 515.

The charges requested by the defendant should have been given.—*Washington v. State,* 125 Ala. 40; *Burton v. State,* 107 Ala. 68; *Pickens v. State,* 115 Ala. 47.

CHAS. G. BROWN, Attorney-General, for the State.

The State insists that the verdict in the case taken and construed as a whole does affirmatively show that defendant was convicted of manslaughter in the first degree.—*Davis v. State,* 52 Ala. 358.

The record shows that the juror died after his selection and his name placed in the jury box. There was no evidence that when drawn it was known that he was dead, and so there was not the slightest evidence as to fraud in the drawing. There is no merit in this exception. *Gibson v. State,* 89 Ala. 121.

The court properly refused the charges requested by the defendant.—*Thompson v. State,* 106 Ala. 67; *Dennis v. State,* 118 Ala. 72; *McMunn v. State,* 113 Ala. 86; *Rogers v. State,* 117 Ala. 9; *Amos v. State,* 123 Ala. 50; *Gibson v. State,* 91 Ala. 64; *Toliver v. State,* 94 Ala. 111; *Adams v. State,* 115 Ala. 9.

HARALSON, J.—The Code, section 4875, provides, that "When the jury finds the defendant guilty under an indictment for murder, they must ascertain, by their verdict, whether it is murder in the first or second degree," etc. This is for the reason, that the statute, for the purpose of adjusting the punishment, makes mur-

ders at common law of a certain class, murders in the
first degree, and all others murders in the second degree,
affixing the penalty of those in the first degree, at death
or imprisonment for life in the penitentiary, at the dis-
cretion of the jury, and for those falling within the sec-
ond degree, at not less than ten years, at the discretion
of the jury. So, it has been properly held, that a gen-
eral verdict of guilty under an indictment for murder,
which does not ascertain its degree, will not sustain a
judgment of conviction.—*Story v. State*, 71 Ala. 329.
But, the statute makes no such requirement, as to man-
slaughter. It divides that offense into manslaughter in
the first and second degree, punishing the first by im-
prisonment in the penitentiary for not less than one nor
more than ten years, and the second, at imprisonment
in the county jail, or to hard labor for the county for
not more than one year, and may also be fined not more
than $500; the imprisonment in each instance to be
fixed by the jury.—Code, §§ 4860, 4862. The jury found
the defendant "guilty of manslaughter" and fixed "the
punishment at five years in the penitentiary." This
verdict was sufficient to show that the jury found the
defendant guilty of manslaughter in the first degree.
It has no application to manslaughter in the second de-
gree.—*Davis v. State*, 52 Ala. 357; *Anderson v. State*,
65 Ala. 553; *Wright v. State*, 79 Ala. 262; *Sampson v.
State*, 107 Ala. 76.

2. There was no merit in the motion to quash the
*venire*, because one of the persons whose name appears
thereon was dead at the time the *venire* was drawn.
There was no evidence that this fact was known to the
court at the time of the drawing, or of any fraud by
which the name was put on the list.—*Gibson v. State*,
89 Ala. 121; *Walker v. State*, 91 Ala. 76; Mobile Jury
Law, Acts 1894-95, p. 481, § 2.

3. Under the evidence, we cannot hold that the court
below was in error, in holding that the evidence adduced
was not sufficient to allow secondary evidence of the
absent witness, Kemp, on the ground that no proper
predicate had been laid to show that the witness was
permanently absent from the State, or for an indefinite
period.—*Thompson v. State*, 106 Ala. 67; *McMunn v.*

*State,* 113 Ala. 86; *Dennis v. State,* 118 Ala. 72.

4. The first charge does not hypothesize freedom from fault in bringing on difficulty. The expression "reasonably without fault," in doing so, is not sufficient.

The second is erroneous in not submitting to, but withholding from, the jury the right to determine whether the facts hypothesized were sufficient to show imminent peril to life or limb.—*Gilmore v. State,* 126 Ala. 22.

The third and fourth ignore freedom from fault in bringing on difficulty.

The fifth is duplicated in given charges 18 and 20. The sixth is argumentative, and lays stress upon a single fact, as do the seventh and tenth, which also predicate reasonable doubt upon good character alone.

The eighth has more than once been condemned by us.—*Rogers v. State,* 117 Ala. 9; *Amos v. State,* 123 Ala. 54.

The ninth is duplicated in given charges 14, 15 and 17, and the 11th, 12th and 13th were correctly refused as invasive of the province of the jury.

No error appearing, the judgment below is affirmed.