# Southern Ry. Co. *v.* Cofer.

## *Damages for Failing to Deliver Goods in Reasonable Time.*

(Decided Feb. 14th, 1907. 43· So. Rep. 102.)

1. *Evidence; Parol; Shipment of Goods; Place of Delivery; Custom.*—It was competent to show by parol evidence the existence of a. custom to shed light upon the intention of ·the parties as ·to how the bill of la'ding should be understood with respect to the ·place ·of delivery, where the bill of lading for certain cotton shipped over defendant's road read "Name, G. K. Place, West· Point, Va. County, care press., State,. Selma, Alabama," the same being an ambiguity on the. face of the bill. · ·

2. *Carriers; Delay in Delivery;. Damages;· Instructions.*—It. was error to instruct that the damages for delay in delivery of the cotton should be estimated at the price of the cotton at the place of delivery, when the bill of lading provided that the amount of damages for which the carrier should be liable should be computed at the value of the cotton at the time and place of shipment.

3. *Same; Evidence; Competency.*—Where the bill of lading bound the railroad only to transport with as reasonable dispatch as its general business would permit, and one of· its pleas was that an unprecedented amount of freight prevented its handling the cotton more expeditiously; it was competent to show that a subsequent shipment reached the same destination prior to the first shipment, as to the delay and in refutation of the plea.

4. *Same; Notice of Arrival.*—In view of the provisions of Section 4224, Code 1896, it was competent to show, in an action for

[Southern Ry. Co. v. Cofer.]

damages for delay in delivery of goods, that the railroad failed to give the consignee notice of the arrival of the goods until a certain date, as tending to show that the goods did not arrive until at or about that date.

5. *Appeal; Evidence; Harmless Error.*—When a witness gives in detail evidence fully answering a question it is harmless error to sustain an objection to such question.

6. *Same.*—A witness was allowed to detail the fact concerning the conditions "alongside" the press at the time inquired about, and it was harmless error to exclude a question as to whether it was possible to get alongside the compress with freight at a certain time.

7. *Same; Numbering Charges.*—While it is not fatal, on appeal, to fail to number requested written instructions, it should be avoided where the charges are numerous.

APPEAL from Dallas Circuit Court.

Heard before Hon. B. M. MILLER.

Action by E. G. Cofer against the Southern Railway Company. Judgment for plaintiff, and defendant appeals. Reversed.

The appellee, who was a merchant at Randolph, Ala., shipped 23 bales of cotton, as per bill of lading set out in the opinion, from Randolph, Ala., over the lines of the appellant, delivering the cotton to appellee on the 25th and 26th days of November, 1904. The cotton was not delivered at the compress in Selma, so far as the facts in this case disclose, until the 15th day of December following. The facts and the pleadings are sufficiently set out in the opinion. Counts 1, 2, 3, 6, 7 and 8 claim $115 damages for the failure to deliver within reasonable time 23 bales of cotton, giving weight, etc., date of shipment, and point of shipment. Counts 4 and 5 claim, respectively, the failure to deliver 12 and 11 bales of cotton shipped on, respectively, the 26th and 25th of November, 1904.

CHAMBLISS KEITH, DANIEL PARTRIDGE, JR., and PETTUS, JEFFRIES & PETTUS, for appellant.—The court erred in admitting the testimony of the witnesses Cofer and Hooper as to the receipt of certain other cotton before the arrival of the cotton in suit.—1 Greenleaf's Evidence, (14th Ed.) §§ 51 and 52. The court also

erred in permitting Hooper to testify as to the usual custom as to bills of lading and the usual manner of shipping cotton through brokers.—*Smith v. Southern Express Co.*, 104 Ala. 387; *L. & N. R. R. Co. v. Fulgham*, 94 Ala.. 555; *Tallassee Falls Co. v. Western Ry. of Ala.*, 117 Ala. 520; 6 Cyc. 420. The court erred with reference to the testimony of the witness McPeck, 5 A. & E. Ency. of Law, 256; 6 Cyc. 445. There was a variance between the proof and the pleading fatal to recovery.—*Montgomery R. Co. v. Culver*, 75 Ala. 587; *A. G. S. v. Vernon Co.*, 84 Ala. 173; *Moses v. Beverly*, 137 Ala. 479; *A. G. S. v. Thomas*, 83 Ala. 345; *A. G. S. v. Grabfelder*, 83 Ala. 201; 22 A. & E. Ency. P. & P. 562 (Variance); *A. & W. P. v. Texas State Co.*, 9 E. (Ga.) 600.

The measure of damages was improperly stated by the court.—5 A. & E. Ency. of Law, 274.—*Southern Pac. R. R. Co. v. Arnett*, 111 Fed. 849; *Southern Ry. Co. v. Webb*, 39 South. 262.

Pitts & Pitts, for appellee.—No brief came to the reporter.

DENSON, J.—This is an action by a shipper against a common carrier for damages arising from a failure to deliver cotton at the point of destination within a reasonable time after the cotton was delivered to the carrier and accepted by it for shipment. The cotton was delivered by the plaintiff to the defendant in two lots of 11 and 12 bales, respectively, on the 25th and 26th days of November, 1904, at Randolph, Ala., a station on its line of road.

In some of the counts of the complaint it is alleged that the cotton was shipped to be delivered "to order Gary, Kennedy & Co., at Selma, Alabama," while in other counts the allegation is that the cotton was to be delivered "to Gary, Kennedy & Co., West Point, Virginia, care of the press, Selma, Alabama." In the bills of lading the statement in respect to the consignee and destination is as follows: "Consignee and destination: Name, Gary & Kennedy. Place, West Point, Va. County, care Press. State, Selma, Ala." The proof shows with-

out conflict that the plaintiff delivered the bills to Gary, Kennedy & Co., at Selma, Ala. It was further shown that Gary, Kennedy & Co. was a firm of wholesale grocers and cotton commission merchants doing business in Selma, Ala., and the plaintiff testified that he shipped the cotton to that firm at Selma, Ala., to sell for him for a consideration. On the face of the bills it appears to us that there is presented an ambiguity with respect to the place of delivery, which renders the contracts susceptible of two reasonable constructions. This being true, it was competent for the plaintiff to prove the existence of a custom to show the sense in which the contracting parties intended the bills of lading should be understood in respect to the place of delivery. In this view we hold that the court committed no error in allowing the witness Hooper to testify as to the custom with respect to the issuance of bills of lading when cotton is shipped to commission merchants or brokers, and the usual manner of shipping cotton through brokers.—*Barlow v. Lambert*, 28 Ala. 704, 65 Am. Dec. 374; *M. & F. Ry. v. Kolb & Hardaway*, 73 Ala. 396, 49 Am. Rep. 54; *East Tenn., Va. & Ga. R. R. Co. v. Johnston*, 75 Ala. 596, 604, 51 Am. Rep. 489; *Buyck & Cain v. Schwing*, 100 Ala. 355, 14 South. 48. The evidence of Hooper tends to show that the custom was observed by the defendant in the issuance of bills of lading at Randolph, and by delivering the cotton finally at Selma, and, as a natural consequence, that defendant was aware of the custom. It further shows without conflict that the cotton was actually delivered to Gary, Kennedy & Co. at Selma on the 15h of December, 1904.

The bills of lading each contain the following stipulation in respect to the rule for the admeasurement of damages in case of loss: "The amount of any loss or damage for which any carrier becomes liable shall be computed at the value of the cotton at the place and time of shipment under this bill of lading, unless a lower value has been agreed on or is determined by the classification upon which the rate is based, in either of which events such lower value shall be the maximum price to govern such computation.' It will be observed that no exemption from liability on account of negli-

gence is involved in this stipulation, but the sole effect of it is to fix the place at which the price of the cotton shall be ascertained in respect to the measurement of damages. It has been held that such stipulations in bills of lading are reasonable and enforceable. This being true, the general rule which fixes the value of the goods at the place of delivery at the time at which they should have been delivered as the one for the admeasurement of damages was varied by the contract of the parties; and the court erred in the oral charge to the jury requiring the damages to be estimated with respect to the price of cotton at Selma, instead of Randolph, and in permitting evidence of the value of cotton at Selma.—*L. & N. R. R. Co. v. Oden,* 80 Ala. 38.

The bills of lading contained this stipulation: "No carrier is bound to carry said cotton by any particular train or in time for any particular market, or otherwise than with as reasonable dispatch as its general business will permit." This stipulation was pleaded in defense by special plea 4, which, in connection with the stipulation, contains the further averments that, "at the time the property described in the plaintiff's complaint was delivered to the defendant, the defendant as a common carrier was burdened with an unprecedented quantity of freight to and from divers points, and especially to the point of Selma, Ala.; that such unusual conditions in the quantity of freight to be hauled at this particular time and to this particular point had never before existed, and the existence of the aforesaid conditions prevented the defendant from hauling the said described property more expeditiously than it hauled it; and that the delay in hauling said freight was brought about by the aforesaid conditions." To this plea the plaintiff replied specially, and substantially, that the defendant failed to notify plaintiff at the time of the shipment of the conditions set out in said plea, and to this replication the defendant rejoined by averring knowledge on the part of the plaintiff of the conditions specified in the plea. If the plaintiff shipped other cotton from Randolph over defendant's line to Selma after shipping the two lots involved in this controversy, and the subsequent shipment arrived in Selma

prior to the two lots, evidence of these facts would be competent in respect to delay on the part of the defendant and in refutation of the facts set up in plea 4. The court did not err in allowing the plaintiff to give such evidence on his rebuttal examination. We remark, however, that it is not made to affirmatively appear that the subsequent shipment was made over defendant's line of road; but this point was not clearly raised by the objections that were interposed.

Hooper, having testified that he was a member of the firm of Gary, Kennedy & Co. at Selma, and that plaintiff delivered to him the bills of lading for the cotton in question about the 25th or 26th of November, 1904, was asked this question: "What time did you receive notice that the cotton was at the compress?" The objections to the question were that it called for illegal evidence, and the bills of lading are through bills of lading, and there is not any duty on the part of the defendant to give notice of the arrival of the cotton. We think neither of the objections is meritorious. In respect to the second objection, we have already held that it was a question subject to explanation by parol evidence as to whether Selma was the point of delivery. Under section 4224 of the Code of 1896 defendant could not relieve itself of liability as a common carrier, in a place the size of Selma, by reason of a deposit or storage, unless, within 24 hours after the arrival of such freight, notice thereof is given the consignee personally or through the mail. In view of this section, we cannot say that failure to give the notice until December 15, 1904, and the giving of it on that day, is not some evidence of the fact that the cotton was delayed in delivery until at or close to that day; especially so, when the proof is that the cotton was shipped from Randolph in the cars of the defendant about three days after the bills were issued, that Randolph is only 40 miles distant from Selma, half a day is the time required for a freight train to make the trip from Randolph to Selma, and that cotton shipped from Randolph should be delivered at Selma within two days. Moreover, the undisputed fact is that the cotton was delivered at Selma on the 15th day of December, 1904, to Gary, Kennedy & Co.

The matter embraced in the tenth ground in the assignment of errors has been disposed of by what has been said in respect to the evidence of the plaintiff on his rebuttal examination as to other shipments of cotton.

If it was error in the court to sustain the objection of plaintiff to the question propounded to witness Mc-Peck: "Was there an unusual quantity of freight?" it affirmatively appears that the witness gave evidence in detail that is a full answer to the question, and thereby the error was rendered harmless.

If, in sustaining the objection to this question, propounded to McPack, namely, "Was it possible to get alongside the compress at that time with freight?" the court committed error, it was error without injury to the defendant, as it affirmatively appears from the bill of exceptions that the witness was allowed to fully detail the facts with respect to the conditions "alongside" the press.

While the court sustained objections to questions propounded to witness McPeck, which rulings are covered by the thirteenth, fourteenth, and fifteenth grounds in the assignment of errors, the record affirmatively shows that the witness finally answered the questions by detailing the facts. Consequently the defendant suffered no injury by the rulings of the court on the objections to the questions.

It may be well to remark, in respect to these questions and some others here passed on, that plea 4, which sets up the condition in the bill of lading with respect to carrying the cotton with reasonable dispatch as "defendant's general business will permit," invokes immunity from liability for delay, not on account of any congested condition of the defendant's business existing at the compress in Selma, nor, indeed, on account of such condition at Selma; but the gravamen of the plea is the superabundance of freight that was to be shipped to Selma from other points on defendant's line of road on which Randolph was located, and including Randolph, and, as is expressly averred in the plea, "the existence of such conditions prevented the defendant from hauling the cotton of plaintiff more expeditiously than

it hauled it." And the conditions at the compress in Selma in 1904 were not within the defense set up in the plea. Nor was it a dearth of cars that prevented the hauling, because it is shown without conflict in the evidence that within two or three days from the time the cotton was delivered to defendant at Randolph it was loaded into cars and ready for shipment.

Even on defendant's theory of tracing knowledge to plaintiff, it was immaterial whether the conditions were as favorable at Randolph as they were around Selma for harvesting the crop in 1904. The undisputed proof showed that plaintiff lived seven miles from Randolph, and the court properly sustained the objection propounded by defendant to witness Schwarz calling for conditions for harvesting at Randolph. But it seems that the defendant got the evidence called for, notwithstanding the court sustained the objection, as the witness testified that "the conditions in the entire territory tributary to Selma were very fine during the season of 1904, and Randolph is tributary to Selma."

We have disposed of all assignments of error in respect to the court' rulings on the admissibility of evidence that have been insisted on.

Without noticing the charges refused to the defendant in detail, as the cause must be reversed for errors already pointed out, we may say, for the guidance of the parties and the court on another trial, that the proof does not support the fourth and fifth counts of the complaint. The first, second, third, sixth, seventh, and eighth counts allege the shipment under only one contract, whereas the evidence shows two bills of lading issued on separate days. They also allege that the cotton was to be delivered to the order of, Gary, Kennedy & Co. for the benefit of plaintiff, whereas the contract states the names of the consignees as Gary & Kennedy. It may be that these discrepancies may be eliminated by amendment.

The charges requested by defendant are not numbered. While it is not a fatal defect that they are not numbered, yet the failure to number when charges are numerous should be avoided.—*Gibson's Case*, 89 Ala. 121; 8 South. 98, 18 Am. St. Rep. 96.

[Central of Ga. Ry. Co. v. Sturgis.]

The oral charge in respect to the measure of damages has been passed on. No other error assigned in respect to the oral charge has been insisted on. It is true appellant in its brief insists on assignment 15 as covering a part of the charge; but an inspection of the record will show that assignment does not relate to the charge of the court.

For the errors pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and HARALSON and SIMPSON, JJ., concur.