# Weaver *v.* The State.

## *Murder.*

(Decided June 1, 1911.   Rehearing denied June 30, 1911.
55 South. 956.)

1. *Criminal Law; Preliminary Procedure; Service of Copy of Venire and Indictment.*—It is not necessary that a copy of the indictment or list of jurors be served upon a defendant charged with murder in the second degree, one entire day before the day set for the trial.

2. *Homicide; Verdict; Sufficiency.*—Where the indictment charged murder in the second degree a verdict finding the defendant guilty as charged in the indictment and fixing his punishment at ten years in the penitentiary was sufficient to sustain a conviction and judgment of murder in the second degree notwithstanding the provisions of section 7087, Code 1907.

[Weaver v. The State.]

3. *Same; Evidence.*—It was not competent to inquire of a witness whether he heard shooting half an hour before the killing where it referred to matters not shown to be connected with the crime.

4. *Same; Instructions; Defense of Another.*—The general rule is that the right of one to defend another is co-extensive with the right of such other to defend himself, and the one who defends the other is upon no higher plane than the one defended; hence, if the one defended is not free from fault in bringing on the difficulty, his defender cannot be, for when one intervenes to defend another even though that one be in imminent danger to life or limb, he does so at his peril if he strikes in defense of one not free from fault in bringing on the difficulty.

5. *Same.*—A charge asserting that if the defendant, when he fired the shot, believed that his brother was not at fault in bringing on the difficulty, and that there was no means of escape for his brother, then the defendant has a right to act upon appearances and defend his brother was improper since defendant's belief as to his brother's freedom from fault was not sufficient for the assertion of such defense, it being necessary that the condition should have existed as a fact.

6. *Same; Degree of Crime.*—Passion aroused by mere words cannot reduce a homicide below murder in the second degree.

7. *Same.*—A charge asserting that if defendant shot deceased without previous malice, but that deceased used abusive language which generated malice in the defendant's mind, and he, without time to reflect, took the life of deceased with a deadly weapon, it would reduce the homicide to murder in the second degree, though not a commendable instruction, was not misleading, as it did not attempt to hypothesize all the phases of the crime or defense.

8. *Evidence; Flight.*—Where the state had introduced evidence tending to show flight, evidence as to the conduct of the defendant at a subsequent time and in another county, was not admissible as explanatory of his flight.

9. *Same; Opinion.*—Questions as to whether defendant concealed himself or whether he was seen by a large number of persons, called for an opinion and was objectionable.

10. *Same.*—A question as to whether or not deceased was quarrelsome was objectionable as calling for an opinion.

11. *Same; Best and Secondary.*—A question to a witness as to whether or not a certain officer obtained information of the defendant's whereabouts at defendant's grandmother's, was objectionable as secondary and as hearsay.

12. *Same.*—A question to the witness as to what the defendant told him his business was in going where he met his brother was objectionable as calling for hearsay evidence.

13. *Same; Uncommunicated Motives.*—A question as to whether the defendant was looking for his brother, was objectionable as calling for uncommunicated intentions or motives.

14. *Same.*—Questions to the defendant calling for his reasons for being where the crime was committed and his business there were objectionable as calling for uncommunicated motives or intentions.

4—CA

15. *Self Serving Declarations.*—Where the defense set up by the defendant was that he shot in defense of his brother, a question what did the defendant tell you his business was in going where he met his brother, was objectionable as calculated to draw out a self serving declaration.

16. *Witnesses; Examination; Indefinite.*—A question to a witness as to whether a certain person had been cursing the defendant before that was objectionable as being too vague and indefinite.

17. *Charge of Court; Interest of Accused.*—It is proper to instruct the jury that in considering the evidence of the defendant they may take into consideration the fact that he is interested in the result of the verdict.

18. *Costs; Felony; Non Payment.*—Where one is convicted of murder and the term of his sentence is fixed by the verdict, the court cannot add an additional term for hard labor to pay the costs of the trial; but this error is one that will be corrected on appeal.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Griffin Weaver was indicted and convicted of murder in the second degree, and he appeals. Affirmed.

ALLEN & BELL, for appellant. The jury should have ascertained by their verdict whether it was murder in the first or second degree, and failing therein, such verdict will not support a judgment of conviction.—Sec. 7087, Code 1907; *Watkins v. The State,* 133 Ala. 89; *Jackson v. The State,* 17 Ala. 618; *Cobia v. The State,* 16 Ala. 781; *Dover v. The State,* 75 Ala. 40; *Fuller v. The State,* 110 Ala. 655; *Story v. The State,* 71 Ala. 329. The court erred in sentencing for an additional time to pay costs.—Sec. 7634-5, Code 1907. It was competent for the defendant to explain his flight and rebut inferences of guilt deducible therefrom.—*Bowles v. The State,* 58 Ala. 335; *Sylvester v. The State,* 71 Ala. 26; *Ross v. The State,* 74 Ala. 532; *Chamblee v. The State,* 78 Ala. 466; *White v. The State,* 111 Ala. 97; *Wood v. The State,* 114 Ala. 10; *Cook v. The State,* 134 Ala. 140.

ROBERT C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. It

was not essential that a copy of the indictment and ve-
nire be served on the defendant one entire day before
trial.—Acts 1909, p. 318; *Sylvester v. The State,* 71 Ala.
71. The verdict was sufficient to support the judgment.
—*Watkins v. The State,* 133 Ala. 88; *Davis v. The State,*
52 Ala. 357; *Anderson v. The State,* 65 Ala. 553; *Wright
v: The State,* 79 Ala. 262. While it was error to sentence
the defendant to hard labor to pay costs, it will not cause
a reversal as it will be corrected on appeal.—*Johnson
v. The State,* 94 Ala. 35; *Vaughan v. The State,* 83 Ala.
55. The court did not err in declining to permit de-
fendant to explain his attempted flight.—*Sherrill v.
The State,* 138 Ala. 14. The questions objected to eith-
er called for an opinion of the witness or for the uncom-
municated motives or intentions.—*Bennett v. The State,*
52 Ala. 370; *Walker v. The State,* 58 Ala. 393; *Fonville
v. The State,* 91 Ala. 39; *Linehan v. The State,* 120 Ala.
293.

PELHAM, J.—The defendant being charged with
murder in the second degree, his objections to being put
upon his trial were properly overruled by the court.

The record shows that the defendant was duly and
properly arraigned, and no copy of the indictment, or
list of jurors, is required by the law to be served on him
an entire day before the day set for his trial. There
was no error committed by the court in overruling de-
fendant's motion to quash the venire for the same rea-
son.

The indictment upon which the defendant was tried
charged murder in the second degree in the code form,
and the jury returned the following verdict: "We, the
jury, find the defendant guilty as charged in the in-
dictment and set his sentence at 10 years." It is insist-
ed here, and was properly raised in the court below, that

the degree of homicide not being ascertained by the jury, it is not a sufficient finding upon which to sustain a judgment of conviction. The cases cited by the appellant to sustain the proposition, which hold that the degree of homicide must be specified to legalize the verdict and sustain a judgment of conviction, are based upon the imperative statute requiring such a specification, as between murder in the first and the second degree, when the defendant is indicted for murder. This statute, which has been in force since the Penal Code of 1841, is carried into the present Code (1907) as follows: "7087. When the jury find the defendant guilty under an indictment for murder, they must ascertain, by their verdict, whether it is murder in the first or second degree.

It will be seen from reading the statute that when the defendant is indicted for *murder* the jury is required by the statute, which was held to be peremptory, or mandatory, as far back as *Cobia's Case*, 16 Ala. 781, to ascertain by their verdict whether it is murder in the first or second degree. There is no statutory requirement in this state requiring the jury to find by their verdict whether the defendant is guilty of murder in the second degree or manslaughter, when he is under indictment for murder in the second degree. A careful investigation of all the authorities cited, together with many others, fails to disclose a case where this particular question has been presented.

The case of *Story v. State*, 71 Ala. 329, cited as conclusive of his contention by the defendant, was one in which the indictment was for murder, and the court expressly puts its opinion on the ground of the mandatory requirement of the statute. "The *Code* requires that when the jury find the defendant guilty under an indictment for *murder* they must ascertain by their

verdict whether it is murder in the first or second degree.—Code 1876, § 4299." *Storey's Case, supra.* The cases cited and relied upon by defendant (*Storey's Case,* 71 Ala. 329; *Robertson's Case,* 42 Ala. 509; *Watkin's Case,* 133 Ala. 89, 32 South. 627; *Johnson's Case,* 17 Ala. 618; *Levison's Case,* 54 Ala. 520; *Cobia's Case,* 16 Ala. 781; *Dover's Case,* 75 Ala. 40; and *Fuller's Case,* 110 Ala. 655, 20 South. 1020) are all cases where the charge was murder and the statute applied and, as said, in *Levison's Case, supra,* "They (the decisions) are in conformity to the imperative terms of the statute, and no argument drawn from the objects it is supposed the statute was intended to accomplish can justify a departure from them."

Not so in the case at bar. Here there is no mandatory or other statute requiring the degree to be ascertained by the jury in rendering its verdict, and the question is whether the verdict, is sufficient to sustain the judgment of conviction. Such a verdict was held sufficient, where the crime is not divided into degrees, as far back as the *Mose Case,* reported in 35 Ala. 421. In that case the defendant, a slave, was indicted for murder, and the jury returned a general verdict of guilty, without finding the degree. Objections were interposed by defendant that the degree was not ascertained by the jury's verdict, and the Supreme Court held on appeal that this was unnecessary; that a general verdict was sufficient to sustain the judgment of conviction, as the statute requiring an ascertainment of the dgree was not applicable; as the crime of murder, when committed by a slave, was not divided into degrees. "The verdict of guilty is not defective for its omission to specify the degree of the offense. The decisions in *Johnson v. State,* 17 Ala. 618, and *Cobia v. State,* 16 Ala. 781, are made in reference to murder committed by a white person.

The crime of murder by a slave is not divided into degrees. Code, §§ 3312-3314. Consequently section 3082 of the Code, which requires that the jury, finding one guilty of murder, should specify whether the defendant is guilty of murder in the first or second degree, has no application to the indictment of a slave for murder." *Mose v. State, supra.*

It has been held that, even where a defendant was indicted for murder and convicted of manslaughter, it is not essential to a valid judgment that the jury should find by their verdict the degree, when the verdict shows by the punishment placed that the jury found the defendant guilty of manslaughter in the first degree. *Watkins v. The State,* 133 Ala. 88, 32 South. 627.

The jury returned a general verdict of guilty, without specifying the degree, in the case of *Wright v. State,* 79 Ala. 262, the defendant being charged, in an indictment containing two counts, with forgery in the second degree, and it was sufficient, under the court's ruling, without specifying the degree.

A verdict finding the defendant guilty "on the second count only," when that count of the indictment charged forgery in the second degree, was held to be good and to justify a judgment without finding the degree.—*Scully v. State,* 39 Ala. 240.

In *Watkins v. State,* 133 Ala. 88, 32 South. 627, the defendant was indicted for murder, and the jury returned a verdict of "guilty of manslaughter and fix the punishment at five years," and the court said the statute made no requirement to find the degree of manslaughter, and that the verdict was sufficient to show that the jury found the defendant guilty of manslaughter in the first degree, and to support such a judgment.

A general verdict of guilty on an indictment charging arson in the first degree, fixing imprisonment in the pen-

itentiary, is held to be sufficient to authorize sentence for the offense, although the verdict does not express the degree, in *Davis v. State,* 52 Ala. 357.

In the absence of statutory exactions, the courts in many of the states have declared that a general verdict of guilty as charged in the indictment is equivalent to a finding of the highest degree of the offense charged in the indictment.—*Dean v. State,* 43 Ga. 218; *Welch v. State,* 50 Ga. 128, 15 Am. Rep. 600; *Estes v. State,* 55 Ga. 131; *Lyons v. People,* 68 Ill. 271; *Love v. People,* 160 Ill. 501, 43 N. E. 710, 32 L. R. A. 139; *State v. Elvins,* 101 Mo. 243, 13 S. W. 937; *Territory v. Romine,* 2 N. M. 114; *Territory v. Yarberry,* 2 N. M. 391; *Frolich v. State,* 11 Ind. 213; *Rose v. State,* 82 Ind. 344; *Manly v. State,* 7 Md. 135; *Bilansky v. State,* 3 Minn. 427 (Gil. 313); *Conkey v. People,* 1 Abb. Dec. (N. Y.) 418; *State v. Nelson,* 14 Rich. (S. C.) 169, 94 Am. Dec. 130; *Cook v. Territory,* 3 Wyo. 110, 4 Pac. 887.

To recur to the decisions of our own state, the reasoning in the case of *Anderson v. State,* 65 Ala. 553, is persuasive of the sufficiency of the verdict in the case under consideration. That was a case in which the defendant was tried under an indictment charging forgery in the second degree, and the verdict was in the same language as the verdict in this case, and Stone, J., in rendering the opinion of the court, says: "Our statutes divide forgery into three degrees. The indictment in this case shows on its face that it does not charge forgery in the first degree; * * * it charges forgery in the second degree, and charges nothing else. The verdict of the jury finds the defendant 'guilty as charged in the indictment.' The indictment, as we have seen, charged him, in terms, with forgery in the second degree, and we cannot perceive how the finding could be more specific or definite. If the indictment, following a form or

otherwise, be so framed as that it is alike applicable to different degrees of the offense charged, or, if the jury is charged with any duty in reference to the amount or character of the punishment to be inflicted, then a general finding would be insufficient, because the court would be left uninformed as to what judgment should be rendered. No doubt or uncertainty could exist in the present case; and hence a more specific finding was not necessary. Law is a science based on reason, and does not require the observance of useless ceremonies."—*Anderson's Case, supra.*

The indictment charging murder in the second degree in this case does charge something else—i. e., the lesser crimes of manslaughter and assaults, which are com-. prehended in the charge made in the indictment for murder in the second degree; but the finding of the jury in this case is sufficient, as measured by the rule announced, for the punishment is fixed in the jury's finding, and the court is not left uninformed as to what judgment should be rendered, and "no doubt or uncertainty could exist in the present case; and hence a more specific finding was not necessary." The defendant in the case before us being charged by the terms of the indictment with murder in the second degree, the verdict, finding him guilty as charged and fixing the punishment at 10 years, makes certain and definite the amount and character of punishment to be imposed by the court, and, the verdict having thus pointed out with precision the sentence or judgment the court should pronounce, and there being no statutory requirement militating against its sufficiency, we see no reason why the verdict cannot be made the legal predicate of a valid judgment and sentence.

The questions asked the witness White by defendant, as explanatory of the evidence tending to show flight,

[Weaver v. The State.]

sought to elicit subsequent conduct of the defendant which was no part of the res gestae, and was not admissible. The bill of exceptions does not set out the evidence introduced by the state showing flight, but contains only the statement, "The state then offered evidence tending to show flight of the defendant." The fatal difficulty occurred at Johns, in Jefferson county, and the questions asked the witness White had reference to the defendant's conduct at Vance's station, in Tuscaloosa county, at some subsequent time, and his conduct there at that time is in no way connected with or explanatory of his action in leaving after the difficulty and staying in the woods that night, as testified by himself on direct examination. This implied admission, or his conduct at the time or immediately after the difficulty, cannot be explained, qualified, or controlled by his subsequent conduct at Vance's Station some day or two afterwards.—*Chamblee v. State*, 78 Ala. 466; *Sherrill v. State*, 138 Ala. 14, 35 South. 129.

The questions asked the witness called principally for the opinion of the witness, as, "Did the defendant conceal himself while there?" "Was he or not seen by a large number of people?" or called for secondary evidence, as, "Did not the constable Howton get information at the defendant's grandfather's of his whereabouts?" An examination of the record fails to disclose the exclusion of any competent evidence offered by the defendant tending to excuse or explain his flight.

The question asked the witness Levi, "Was the deceased at the time quarrelsome?" or "in a quarrelsome mood during the seven minutes immediately preceding the shooting?" sought to elicit the opinion of the witness, and not the facts from which the jury could, as was its province, and not that of the witness, draw such a conclusion, and the state's objections to such questions were

properly sustained.—*Bennett v. State,* 52 Ala. 370; *Walker v. State,* 58 Ala. 393; *McKee v. State,* 82 Ala. 32, 2 South. 451.

The objection to the question asked the witness Levi, "Had Cecil Goodwin been cursing the defendant before that?" was properly sustained. It was clearly illegal, being vague and indefinite as to time, and was but seeking to prove the inadmissible details of some former transaction.

The question as to the witness hearing shooting down the road some 30 minutes before the killing had reference to matters in no way shown to be connected with the fatal difficulty, and was immaterial and irrelevant to the issues, and properly disallowed.

The question, "Was defendant looking for his brother?" called for the uncommunicated intention or motive that was not susceptible of direct proof, and there was no error in the court sustaining an objection to such a question.

The question, "What did the defendant tell you his business was in going where he met his brother?" called for hearsay evidence, and was calculated to elicit a self-serving declaration, and was clearly improper and illegal. The questions asked the defendant calling for his reasons for being where the difficulty occurred, and his business there, were patently seeking incompetent evidence.

The answers could be but the uncommunicated motives or intentions of the defendant, which are never permissible. It was immaterial when the defendant left his home "to go down there," and the court committed no error in sustaining an objection to the question. The questions asked the witness Howton, to which objections were sustained, called either for conclusions of the witness, or sought clearly illegal and immaterial testi-

mony, or self-serving declarations, and there was no error committed in sustaining the objections.

The charges requested by defendant are not numbered or otherwise identified as they appear in the record, as required by the statute, and this necessarily leads to some embarrassment in discussing them.  See *Gibson v. State,* 89 Ala. 22, 8 South. 98, Am. St. Rep. 96, and *So. Ry. Co. v. Cofer,* 149 Ala. 565, 43 South. 102.

As a general proposition, the right of one to defend another is coextensive with the right of the other to defend himself, and the one who defends the other is upon no higher plane than the one defended; and, so, if the one defended is not free from fault in bringing on the difficulty, his defender cannot be, for when one intervenes to defend another, even though that one be in imminent danger to life or limb, he does so at his peril, if he strikes in defense of one not free from fault in bringing on the difficulty.—*Gibson v. State,* 91 Ala. 64, 9 South. 171; *Karr v. State,* 106 Ala. 1, 17 South. 328; *Bostic v. State,* 94 Ala. 45, 10 South. 602; *Sherrill v. State,* 138 Ala. 3, 35 South. 129.

The charge requested by the defendant, "If the jury believe from the evidence that the defendant, at the time he fired the alleged pistol shot, honestly and reasonably believed that his brother was in imminent peril of his life, and honestly and reasonably believed that his said brother was not at fault in bringing on the difficulty, and that there was no means of escape by retreat for his said brother, then I charge you that the defendant would have the right to act upon appearances and defend his brother," does not state a correct proposition of law, and there was no error in refusing it, for that it predicates the defendant's right to strike in defense of his brother on the defendant's honest and reasonable belief of his brother (one of the principals) not having

been at fault in bringing on the difficulty, when his *belief* is not sufficient. The condition must have existed as an actual fact that the brother, who was a principal in the difficulty, was free from fault to authorize the defendant to intervene and strike in self-defense in his behalf.

The case of *Sherrill v. State*, 138 Ala. 3, 35 South. 129, cited and relied upon by appellant, is not in conflict with this rule. In that case the court held on appeal that the oral charge of the court below was free from error, which was to the effect that if the defendant knew his wife, in whose behalf he struck, provoked the difficulty, or was not free from fault in bringing it on, his plea of self-defense was of no avail. The question of whether a charge to the effect that the defendant must know as a matter of fact and not simply have an honest belief, that the person for whom he intervenes is free from fault, or else he strikes at his peril, was not before the court, and was not passed upon in that case; but the general principle is clearly and correctly stated in the following language: "The defense being that the blow was struck by defendant to prevent the homicide of his wife by the deceased, *the wife, as well as the defendant,* must have been in a condition to invoke the doctrine of justifiable homicide." (*Sherrill's Case, supra*)—one of the conditions being freedom from fault in bringing on the difficulty.

The charge requested by the state as follows, "The court charges the jury that the law is well established and settled in our country that passion aroused by mere words cannot reduce the homicide below the offense of murder in the second degree," states a correct proposition of law, and there was no error committed in giving it.—*Grant v. State*, 62 Ala. 233, 236; *Watson v. State*, 82 Ala. 10, 13, 2 South. 455; *Ex parte Sloan,* 95 Ala.

22, 24, 11 South. 14; *Compton v. State*, 110 Ala. 24, 37, 26 South. 119.

The following charge, "I charge you, gentlemen of the jury, that in considering the evidence of a witness you should take into consideration his interest in the result of the case, and I charge you that the defendant is interested in the result of this case," given for the state, was without error. It did no more than to authorize the jury to take into consideration the interest of the defendant in weighing his testimony; and that the defendant has an interest in the result of the prosecution is a matter upon which there can be no doubt or controversy, and there is no error in the court charging upon an uncontroverted fact as such.—*Dryman v. State,* 102 Ala. 130, 15 South. 433.

The charge given for the state in the following language, "The court charges the jury, if you believe from the evidence in this case, beyond a reasonable doubt, that defendant shot Cecil Goodwin, the deceased, without previous malice, but that the deceased used abusive language or epithets which generated malice in the mind of the defendant, and the defendant immediately and without reflection, without time to reflect, took the life of Cecil Goodwin with a deadly weapon, this would reduce the crime to murder in the second degree, as charged in the indictment, but it would reduce it no lower," was not misleading, although we do not approve the practice of state's counsel in asking such charges, or their being given by the court when asked. The charge does not attempt to hypothesize all. the phases of the crime charged or defense relied upon. Upon the phase of the case on which it was predicated, the proposition lays down a correct rule of law, to the effect that the use of abusive language or epithets cannot of themselves reduce the degree of homicide to manslaughter.—

*Sloan's Case,* 95 Ala. 23, 11 South. 14; *Watson's Case,* 82 Ala. 8, 2 South. 455; *Compton's Case,* 110 Ala. 24, 20 South. 119.

The court, in sentencing the defendant to an additional term of 375 day's hard labor for costs incurred in the trial, acted without authority of law (Code, §§ 7634, 7635), and, while this is error, it is such as can be corrected by this court.—*Bradley v. State,* 77 Ala. 41, 44; *Vaughn v. State,* 83 Ala. 55, 57, 3 South. 530; *Johnson v. State,* 94 Ala. 35, 42, 10 South. 667.

We have discussed all the assignments of error discussed in appellant's brief, and have examined all other exceptions in the record, and find no reversible error. The defendant's sentence to an additional term for costs being erroneous, this court, in the exercise of its power in such cases, will correct the errors in the sentence which have been pointed out, and as thus corrected the judgment and sentence of the lower court is affirmed.

Affirmed.